UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBERT ANNABEL, II,

    Plaintiff,

v.

DANIEL HEYNS; TIM KIPP;
NP MORRIS; DAVID GENDERNALIK;
RUO SATA; CHRISTOPHER KING;
AARON RUTGERS; SURJIT DINSA;
UNKNOWN BOWER; LEE MCROBERTS;
and, PAUL KLEE,

    Defendants.

Case: 2:12-cv-13590
Judge: Cox, Sean F.
MJ: Komives, Paul J.
Filed: 08-14-2012 At 12:40 PM
PR Annabel v. Heyns, et al (tam)

_____/

## CIVIL COMPLAINT

Plaintiff, a prisoner of the MDOC, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 for the violation and conspiracy to violate his rights under the United States Constitution. Additionally, he brings this action under the ADA 42 U.S.C. §§ 12131-12132.

I. PREVIOUS LAWSUITS.

A. Plaintiff has filed the following lawsuits while incarcerated, according to the districts so named, and as disposed of accordingly:

1. ANNABEL, II v. EYKE, et al. Case No. 2:05-cv-209 - dismissed without prejudice;

2. ANNABEL, II v. GRUNDY, et al. Case No. 2:07-cv-30 - dismissed with prejudice;

3. ANNABEL, II v. GENDERNALIK, et al. Case No. 1:09-cv-15329 - dismissed without prejudice;

4. ANNABEL, II v. Caruso, et al. Case No. 1:09-cv-176 - settlement;

5. ANNABEL, II v. ARMSTRONG, et al. Case No. 1:09-cv-796 - dismissed

with prejudice on summary judgment.

B. Plaintiff did not appeal any of the above lawsuits.

## II. PLACE OF CONFINEMENT.

Plaintiff is presently incarcerated at the Gus Harrison Correctional Facility, but the incidents described in this complaint also took place at Michigan Reformeatory, Woodland Correctional Center, and Ionia Maximum Correctional Facility.

## III. PARTIES.

A. Plaintiff's name is Robert Annabel, II, and his address is the Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, MI 49221.

B. Defendant Daniel Heyns is employed as Director at Director's Office, P.O. Box 30003, Lansing, MI 48909.

C. Tim Kipp is employed as Deputy Warden at the Michigan Reformatory, 1342 W. Main St., Ionia, MI 48846.

D. NP Morris is employed as Nurse Practitioner at the Michigan Reformatory, 1342 W. Main St., Ionia, MI 48846.

E. David Gendernalik is employed as Psychiatrist at the Woodland Correctional Center, 9036 E. M-36, Whitmore Lake, MI 48189.

F. RUO Sata is employed as Correctional Officer at the Woodland Correctional Center, 9036 E. M-36, Whitmore Lake, MI 48189.

G. Christopher King is employed as Sergeant at the Ionia Maximum Correctional Facility, 1576 W. Bluewater Hwy., Ionia, MI 48846.

H. Aaron Rutgers is employed as Correctional Officer at the Ionia Maximum Correctional Facility, 1576 W. Bluewater HWY., Ionia, MI 48846.

I. Surjit Dinsa is employed as Psychiatrist at the Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, MI 49221.

J. Unknown Bower is employed as Law Librarian at the Gus Harrison

Correctional Facility, 2727 E. Beecher St., Adrian, MI 49221.

K. Lee McRoberts is employed as Deputy Warden at the Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, MI 49221.

L. Paul Klee is employed as Warden at the Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, MI 49221.

There are no other defendants at this juncture.

Defendants sued for monetary relief are in personal capacity. ADA claim and injunctive relief are personal and official capacity.

## IV. STATEMENT OF CLAIM.

On March 3, 2009 Plaintiff filed a civil rights lawsuit in the Western District of Michigan, Case No. 1:09-cv-176, which included the MDOC Director Daniel Heyns (originally Patricia Caruso) as a defendant. Also in 2009, he filed another civil rights lawsuit involving Aaron Rutgers and Christopher King, et alia.

1. In March of 2011, Plaintiff was transferred to the Michigan Reformatory (RMI). Having difficulty gaining law library access, he filed a grievance. Deputy Warden Tim Kipp called Plaintiff into his office a week later; made several suggestively homosexually derogatory remarks towards Plaintiff, and said, "You don't have anything better to do besides file grievances and lawsuits your whole bit?"

In June of 2011, Tim Kipp and NP Morris conspired to violate Plaintiff's Eighth Amendment rights by being deliberately indifferent to his serious psychiatric condition when his lithium carbonate (a major mood stabilizer) was reduced from 1350 mgs. per diem to 900. Plaintiff's lithium blood level lab tested in the 0.4 range. Plaintiff was not told this until October 27, 2011 by a psychiatrist who raised it back to 1350 mgs. As a teen Plaintiff was maintained at 0.9, in recent years between 0.6 and 0.9.

On September 27, 2011 defendants' retaliation in violation of the First Amendment due to lawsuit 1:09-cv-176 lead to a mental breakdown and physical injury. Deposition was scheduled for 9:30 a.m. Plaintiff was released from his cell unusually late (8:30 a.m.) for breakfast, causing him to miss an 8:15 a.m. law library session and that he could not get his psychotropic medication due to the med window having already closed. He entered the empty chow hall, grabbed his tray, and told two officers that he needed to speak with a lieutenant. His request was denied, and he

repeated it with an explanation of the urgent necessity. At that point he was handcuffed and escorted to a segregation holding cage, unable to finish breakfast. Suffering from the mental disability of not being properly medicated while under extreme stress, he headbutted the cage until blood ran down his face from a head wound that later would require three stitches. The wound left a disfiguring scar where hair no longer grows. Plaintiff was unable to attend deposition due to being in an observation cell with no clothes, which resulted in their attorney filing a motion to dismiss (which was denied). There is no indication that Plaintiff's grievance was ever processed, and a follow up inquiry was ignored.

2. Between September 27, 2011 and October 15, 2011 Plaintiff was twice transferred to the Woodland Correctional Center (WCC) for mental health treatment. However, Dr. David Gendernalik violated Plaintiff's Eighth Amendment rights by being deliberately indifferent to his serious psychiatric condition, in that he did not properly raise Plaintiff's lithium carbonate dosage. This was also in retaliation conspiracy against Plaintiff for Case No. 1:09-cv-176. There is no indication that the grievance Plaintiff filed was ever processed.

3. On October 15, 2011 Plaintiff was transferred to the Ionia Max. Correctional Facility (ICF). From October 15th to 26th, he was on observation status and could not possess a pen or paper. Christopher King and Aaron Rutgers retaliated against Plaintiff in violation of the First Amendment rights by discarding several articles of mail that were said to have been placed in the ARUS' office. Plaintiff was showed legal mail on October 25 and it was admitted in a grievance that there was no record of Plaintiff having signed for the legal mail, though Defendant King had falsely claimed that Plaintiff had not had any mail while on observation

- 5 -

status.

4. On October 18, 2011 Christopher King retaliated against Plaintiff in violation of First Amendment rights by refusing to release Plaintiff from hard restraints and writing a false misconduct report claiming that Plaintiff had refused a direct order to be released from the restraints. There is no indication that the grievance Plaintiff filed was ever processed, and the ICF Grievance Coordinator neglected to answer Plaintiff's December 16, 2011 inquiry as to that grievance.

5. In December Of 2011 Plaintiff was housed at the Gus Harrison Correctional Facility (ARF), where Dr. Dinsa again lowered his lithium dosage from 1350 mgs. per diem to 900 against Plaintiff's protests pending a December 22, 2011 deposition for Case No. 1:09-cv-176. This was done with deliberate indifference in violation of the Eighth Amendment and in conspiracy to retaliate in violation of the First Amendment. This lead to a series of mental breakdowns with scar-leaving self injurious behavior of cutting and head banging. Furthermore, Plaintiff is destined to lose liberty for a prisoner in possession of a weapon prosecution resulting from improper medication.

6. In January 2012 Dr. Dinsa began using excessive force on Plaintiff in violation of the Eighth Amendment by the unnecessary forced injection of the psychotropic medication Prolixen. The injections have caused painful bleeding and scar tissue. The doctor facilitated this malpractice through a panel hearing, in which he violated substantive due process by falsely claiming that Plaintiff had refused the medication in oral form and that he did not recall reducing Plaintiff's lithium carbonate and Welbutrin dosages.

7. In November 2011, Plaintiff filed a motion for sanctions against

defendants' attorney, Cori E. Barkman, in which he relied on the federal Michigan Rules of Court obtained from law librarian Bower. Thereafter, Plaintiff's repeated requests for anything involving the court rules was denied. Librarian Bower enforced an exact cite system to be used, refused to Shepardize case laws, would count several pages in a single volume as individual items on the 5-item 3 times per week limit, refused to cross reference "U.S." citations to "S.Ct." citations, and often skipped over requested federal civil rights items. This was done in conspiracy with Warden Klee and Deputy Warden Lee McRoberts to retaliate for case No. 1:09-cv-176 in violation of the First Amendment.

8. Defendant Bower violated the Americans with Disabilities Act (ADA), being 42 U.S.C. §§ 12131-12132, by refusing to reasonably accommodate Plaintiff, who has a mental disability. Plaintiff was denied access to the Prisoner Self-Help Litigation Manual made available to prisoners not confined to in-unit treatment, when Plaintiff reasonably requested that photocopies be delivered as it was with other law library items.

9. On January 17, 2012 RUO Sata violated Plaintiff's Eighth Amendment right against excessive force by rendering Plaintiff momentarily unconscious with a sleeper hold that cut off his air supply. This left Plaintiff with a sore throat and bloody phlem. Before Plaintiff lost consciousness, defendant said, "Go to sleep." Two in-ceiling cameras recorded the incident,

10. MDOC Director Daniel Heyns violated Plaintiff's First and Eighth Amendment rights by coordinating the retaliatory acts in Claims 1,2,3,5,6,and 7 of this complaint. This retaliation was calculated to interfer with Plaintiff litigating Case No. 1:09-cv-176 against Mr. Heyns. He further violated Plaintiff's rights by retaliating through having the

Woodland Correctional Center Legal Writeer refuse to do a motion for enlargement of time for Plaintiff to respond to defendnats' motion for summary judgment in case No. 1:09-cv-176 on the date of January 13, 2012. At the time, Plaintiff's legal property was being withheld. Plaintiff provided the legal writer with all the necessary information necessary to draft the motion, but was denied supposedly on the grounds that Plaintiff could not prove he needed the motion. MR. Heyns attorney in Case No. 1:09-cv176, Cori E. Barkman had access to Plaintiff's psychiatric file through case No. 1:09-cv-796; the Attorney General's Office was well aware of Plaintiff's condition when not properly medicated.

## V. RELIEF REQUESTED.

1. An injunction against Defendant Bower that she make available photocopies of any law library materials, such as the Prisoner Self-Help Litigation Manual to mentally disabled prisoners on in-unit treatment.

2. An injunction against Defendant Dr. Densa that he can no longer forcibly inject Plaintiff with psychotropic medication.

3. Against defendants severally in Claim 1 of this complaint, $5,000 compensatory damages and $5,000 punitive damages for violation of the Eighth Amendment; $2,500 punitive damages for violation of the First Amendment.

4. Against Defendant Dr. David Gendernalik in Claim 2 of this complaint, $2,500 punitive damages for violation of the First Amendment; $2,500 punitive damages for violation of the Eighth Amendment.

5. Against defendants severally in Claim 3 of this complaint, $1,000 punitive damages.

6. Against Defendant Christopher King in Claim 4 of this complaint, $2,500 punitive damages.

7. Against Defendant Dr. Dinsa in Claim 5 of this complaint, $5,000 punitive damages for violation of the First Amendment; $60,000 compensatory damages and $8,000 punitive damages for violation of the Eighth Amendment.

8. Against Defendant Dr. Dinsa in Claim 6 of this complaint, $5,000 compensatory and $5,000 punitive damages for violation of the Eighth Amendment; $2,500 punitive damages for violation of substantive due process.

9. Against defendnats severally in Claim 7 of this complaint, $2,500 punitive damages for violation of the First Amendment against retaliation.

10. Against Defendant RUO Sata in Claim 9 of this complaint, $2,500 punitive damages.

11. Against Defendant Daniel Heyns in Claim 10 of this complaint, $60,000 compensatory and $15,000 punitive damages for violation of Plaintiff's Eighth Amendment rights; $15,000 punitive damages for violation of the First Amendment.

12. Plaintiff requests the Court to exercise its authority to exempt any award of damages from being collected under the State of Michigan Correctional Facility Reimbursement Act, being Mich. Comp. Laws §§ 800.400-420, as application of the Act would be an unconstitutional hinderence to the purpose of Congress in enacting 42 U.S.C. §§ 1983 and 1985, where there would be no incentive of the State to regard Plaintiff's constitutional rights.

13. Plaintiff's costs in litigation of this action, including any attorney fees.

14. **A TRIAL BY JURY.**

15. Any other relief, including nominal damages, deemed just and equitable.

Respectfully Submitted,

*[signature: Robert Annabel II]*

Robert Annabel, II, #414234
Gus Harrison Correctional Facility
2727 E. Beecher St.,
Adrian, MI 49221

Dated: July 16, 2012

## VI. VERIFICATION.

I, Robert Annabel, II, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the foregoing facts contained within this complaint are true to the best of my knowledge, information, and belief.

Executed: 7/17/, 2012.    *[signature: Robert Annabel II]*

Robert Annabel, II, #414234
Gus Harrison Correctional Facility
2727 E. Beecher St.
Adrian, MI 49221

*[notary signature]* 7/17/12

KELLY ROARK JR.
NOTARY PUBLIC, STATE OF MI
COUNTY OF LENAWEE
MY COMMISSION EXPIRES Aug 23, 2016
ACTING IN COUNTY OF Lenawee

Robert [illegible]
2727 E. Beechen St.
Adrian, MI 49221

Clerk of the Court
U.S. District Court
Theodore Levis U.S. Courthouse
231 W. Lafayette Blvd. — Rm 564
Detroit, MI 48226

U.S. MARSHALS

#414234
nal Facility



U.S. POSTAGE >> PITNEY BOWES
ZIP 49221 $ 003.10⁰
02 1W
0001374936 AUG 10 2012

Clerk of the Court
U.S. District Court
Theodore Levis U.S. Courthouse
231 W. Lafayette Blvd. - Rm 564
Detroit, MI 48226

U.S. MARSHALS

# CIVIL COVER SHEET FOR PRISONER CASES

**Case No.** 12-13590    **Judge:** Sean F. Cox    **Magistrate Judge:** Paul J. Komives

**Name of 1st Listed Plaintiff/Petitioner:** Robert Annabel

**Name of 1st Listed Defendant/Respondent:** Daniel Heyns, et al

**Inmate Number:** 414234

**Additional Information:**

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221
LENAWEE COUNTY

**BASIS OF JURISDICTION**
☐ 2 U.S. Government Defendant
☒ 3 Federal Question

**NATURE OF SUIT**
☐ 530 Habeas Corpus
☐ 540 Mandamus
☐ 550 Civil Rights
☒ 555 Prison Conditions

**ORIGIN**
☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**
☒ IFP *In Forma Pauperis*
☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes    ☐ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes    ☐ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____