UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT ANNABEL,

        Plaintiff,

                            CASE NO. 2:12-CV-13590
v.                          JUDGE SEAN F. COX
                            MAGISTRATE JUDGE PAUL KOMIVES

DANIEL HEYNS, et al.,

        Defendants.

_____/

### REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT (docket #11, #13 & #19)

I.      <u>RECOMMENDATION</u>: The Court should conclude that plaintiff has exhausted his claims against defendants Dinsa, King, and Rutgers, as set forth in ¶¶ 3, 5, and 6 of plaintiff's complaint. Accordingly, the Court should grant in part and deny in part the MDOC defendants' motion to dismiss or for summary judgment (docket #11), should grant in party and deny in part defendants' Dinsa and Morris's motion to dismiss (docket #19), and should dismiss for failure to exhaust administrative remedies all of plaintiff's claims except for his claims against defendants Gendernalik, King and Rutgers, Dinsa, and Bower, set forth in ¶¶ 2, 3, 5-6, and 7-8 of plaintiff's complaint, respectively. With respect to plaintiff's claims against defendant Bower, the Court should conclude that those claims fail as a matter of law, and should accordingly grant defendant Bower's motion for summary judgment (docket #13) on the merits.

II.     <u>REPORT</u>:

A.    *Procedural Background*

        Plaintiff Robert Annabel David Lindensmith is a state prisoner who, at the times relevant to

his action, was incarcerated at the Ionia Maximum Correction Facility in Ionia, Michigan; the Woodland Correctional Center in Whitmore Lake, Michigan; the Michigan Reformatory in Ionia, Michigan; and the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff commenced this action on August 14, 2012, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985(3), and Title II of the Americans with Disabilities Act. Named as defendants are: Daniel Heyns, MDOC Director; Tim Kipp, Michigan Reformatory Deputy Warden; Jane Morris,[1] a nurse practitioner as the Michigan Reformatory; David Gendernalik, a psychiatrist at Woodland Correctional Center; Woodland Correctional Center Resident Unit Officer (RUO) Sata; Ionia Maximum Sergeant Christopher King; Ionia Correctional Officer Aaron Rutgers; Surjit Dinsa, a psychiatrist at Gus Harrison Correctional Facility; Gus Harrison Law Librarian Bower; Gus Harrison Deputy Warden Lee McRoberts; and Gus Harrison Warden Paul Klee.

The bulk of plaintiff's complaint alleges a conspiracy by defendants, orchestrated by defendant Heyns, to deprive petitioner of his constitutional rights in retaliation for a prior lawsuit filed against Heyns and other prison officials and in retaliation for various grievances. *See* Compl., ¶¶ 1-5, 7, 10. Plaintiff alleges that defendants variously retaliated against him by: (1) lowering his lithium carbonate medication, Compl., ¶¶ 1-2, 5; (2) discarding items of mail, *id.*, ¶ 3; (3) placing him in restraints and issuing a false misconduct ticket, *id.*, ¶ 4; and (4) denying him access to certain law library materials, *id.*, ¶ 7. In addition, plaintiff alleges that certain defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by lowering his lithium medication and forcibly administering injections of a psychotropic medication. *See id.*, ¶¶

---

[1]Plaintiff's complaint identifies this defendant as "Norris," but defendants refer to her as "Morris."

1-2, 5-6. Finally, plaintiff alleges that defendant Bower violated the Americans with Disabilities Act by failing to accommodate his mental disability, *see id*., ¶ 8, and that defendant Sata violated his Eighth Amendment rights by using excessive force against him, *see id*., ¶ 9.

The matter is currently before the Court on three motions to dismiss or for summary judgment filed by defendants.[2] On November 9, 2012, defendants Heyns, Klee, McRoberts, Kipp, Sata, King, and Rutgers filed a motion to dismiss or for summary judgment arguing that plaintiff's claims (except for his claim against defendant Bowers alleging denial of access to the *Prisoner Self Help Litigation Manual*) are unexhausted. These defendants also argue that plaintiff's conspiracy claim under § 1985(3) fails to state a claim upon which relief may be granted. Plaintiff filed a response to this motion on November 29, 2012, and defendants filed a reply on December 12, 2012. Second, on November 27, 2012, defendant Bower filed a motion to dismiss or for summary judgment, arguing that plaintiff's ADA claim fails to state a claim upon which relief may be granted, and that his First Amendment claim fails on the merits. Plaintiff filed a response to this motion on December 20, 2012. Finally, on December 10, 2012, defendants Dinsa and Morris filed a motion to dismiss, arguing that plaintiff failed to exhaust his administrative remedies with respect to them. Plaintiff filed a response to this motion on January 18, 2013, and defendants filed a reply on January 24, 2013. For the reasons that follow, the Court should conclude that plaintiff has failed to exhaust his administrative remedies with respect to all of his claims except his claims against defendants Bower, Dinsa, King, and Rutgers, and should conclude that plaintiff's claim against defendant Bower fails as a matter of law. Accordingly, the Court should grant in part and deny in part

---

[2] Also pending are petitioner's motion for appointment of counsel and the motion of defendants Dinsa and Morris to stay proceedings. These motions are addressed in separate orders filed on this date.

defendants' motions. If the Court accepts these recommendations, only plaintiff's claims against defendants Dinsa, King, and Rutgers set forth in ¶¶ 3, 5, and 6 of plaintiff's complaint will remain, as well as the claim set forth in ¶ 2 against defendant Gendernalik, who has not yet been served.

B.    *Legal Standard*

Although defendants move for both dismissal under Rule 12(b)(6) and summary judgment under Rule 56 alternatively, because the parties have included matters outside the pleadings the Court should consider the matter solely under Rule 56. Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district

court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C.    *Exhaustion*

    1.    *Legal Standard*

Pursuant to the Prison Litigation Reform Act (PLRA), inmates challenging their conditions of confinement must exhaust their administrative remedies before pursuing a federal civil rights action. Specifically, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits

about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to properly exhaust a civil rights claim, a prisoner must comply with the prison system's "procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). As the Supreme Court recently explained, the scope of a prisoner's obligation to exhaust is defined not by the PLRA itself, but by the prison's grievance procedures:

> [T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones v. Bock*, 549 U.S. 199, 218 (2007) (citations omitted).

Michigan provides for a three-step grievance procedure. A Step I grievance is directed to the Step I Grievance Coordinator at the facility in which the prisoner is incarcerated. If the prisoner is dissatisfied with the Step I response, he may file a Step II appeal to the Warden of the facility. If the prisoner is again dissatisfied with the Step II response, he may file a Step III appeal to the Director of the Department of Corrections or his designee. *See* MICH. DEP'T OF CORRECTIONS POLICY DIRECTIVE 3.02.130(V), (BB), (FF) (effective July 9, 2007). The Policy Directive provides that a prisoner must include "the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id*., § (R).

  2. *Analysis*

In support of their motions, defendants have submitted the Step III grievance report setting forth all of the Step III grievances plaintiff had submitted since May 2009, *see* MDOC Def.s' Br., Ex. B, as well as copies of the relevant grievances. Eleven of plaintiff's Step III grievances were still pending at the time plaintiff filed his complaint. The exhaustion statute provides that "[n]o action shall be brought" until exhaustion is completed. 42 U.S.C. § 1997e(a). The Sixth Circuit has held that this "plain language of the statute makes exhaustion a precondition to filing an action in federal court . . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *see also*, *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). Nor is the Sixth Circuit alone in this reading of § 1997e(a); on the contrary, there is a "unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006); *see also*, *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003); *McKinney v. Cary*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001), *overruled in part on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002); *Jackson v. District of Columbia*, 254 F.3d 262, 268-69 (D.C. Cir. 2001); *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 534-35 (9th Cir. 1999). Because these grievances were not completed prior to the filing of plaintiff's suit, they cannot serve to exhaust the claims plaintiff raises in this suit. Further, 13 of the grievances relate to events which pre-date the allegations of plaintiff's complaint, which covers events from March 2011 through January 2012. Thus, these grievances do not relate to the claims raised in plaintiff's complaint. The remaining grievances, *i.e.*, the ones with the potential to show that plaintiff exhausted his claims, are reflected in the following chart:

| Def.s' Ex. | Grievance No. | Date of incident | Persons Named | Issues Grieved |
|---|---|---|---|---|
| C | ARF 12-02-0648-12b | 2/15/12 | none | psychotropic injections improperly ordered |
| D | ICF 11-11-2172-28c | 10/27/11 | property room officer | improper handling of personal property |
| E | ARF 12-01-0026-12f | 12/19/11 | Dr. Denzle (sic–defendant Dinsa) | improper reduction of lithium to interfere with pending lawsuit |
| F | ARF 12-03-0801-28c | 2/27/12 | RUO Brooks and food service manager | nutritionally inadequate meals |
| G | ARF 12-01-0027-14a | 12/19/11 | Law Librarian (Bower), Klee, Heyns, and McRoberts | retaliation by denial of denial of copies of Michigan Rules of Court–Federal and adequate legal copies |
| H | ARF 12-02-0706-14a | 2/16/12 | Law Librarian (Bower) | failure to deliver requested law library items |
| I | ARF 12-01-0179-14a | 1/5/12 | Law Librarian (Bower) | failure to deliver Michigan Rules of Court–Federal |
| J | ARF 12-01-0219-03d | 1/12/12 | ARUS Roark, RUO Coats, RUO Roeback, RUO Osborne, RUO Newson | unsanitary food cart |
| K | ARF 12-02-0455-14d | 1/25/12 | Law Librarian | denial of Prisoner Self Help Litigation Manual |
| L | ARF 12-01-0184-09a | 1/8/12 | food service director | nutritionally inadequate meal |
| M | ARF 11-12-4574-12b | 12/14/11 | Holman, Dr. Denza (sic) | improper razor restriction |
| N | ARF 12-01-0028-17z | 12/26/11 | Vallajo | late delivery of meal tray causing illness |
| O | ARF 12-01-0054-09z | 12/28/11 | food service director | served sour milk |
| P | ARF 11-12-4433-12g | 11/29/11 | illegible | denial of new eyeglasses |
| Q | ARF 12-01-0053-09z | 12/25/11 | food service director | denial of dessert in retaliation for grievances about food service |
| R | ARF 11-12-4515-15d | 12/9/11 | ARUS Roark | failure to send grievances using expedited mail |
| S | ARF 11-12-4516-09e | 12/10/11 | Sgt. Brown | delayed delivery of meal tray |
| T | ARF 11-12-4380-09d | 11/28/11 | RUO Roback, RUO Coats, Sgt. Brown, ARUS Roark, Unit 5 Rum | placement of pork on meal tray |

| U | ARF 11-12-4430-11z | 11/25/11 | J. Eaton | failure to properly process grievances |
|---|---|---|---|---|
| V | ARF 11-11-4139-17z | 11/9/11 | Transport Office Samantra | retaliation for prior lawsuit by failing to provide sack lunch during transfer |
| W | RMI 11-04-0299-20e | 3/23/11 | Special Activities Coordinator Martin | failure to provide religious meal |
| X | ARF 11-03-0864-19d | 2/28/11 | RUO Starman | failure to pack personal food items when plaintiff was transferred |
| Y | RMI 11-04-0298-14a | 3/25/11 | Glenn Vos | retaliation by denial of law library time |

As a review of these grievances shows, the grievances attached as Exhibits D, F, J, and L-Y raise issues wholly outside the claims raised in plaintiff's complaint. They thus do not serve to exhaust any of plaintiff's claims. Exhibits G, H, and I exhaust claims that defendant Bower failed to provide plaintiff a copy of the *Michigan Rules of Court–Federal* and other legal materials, but plaintiff raises no such claims in his complaint. The only claim in plaintiff's complaint related to Bower is his claim that Bower failed to provide him with a copy of the *Prisoner Self Help Litigation Manual*. The Step III grievance report and grievance copies attached by defendants suffice to meet their initial summary judgment burden of demonstrating that plaintiff failed to exhaust his administrative remedies. *See Dean v. Prison Health Servs.*, No. 10-14135, 2011 WL 1630114, at *6 (Mar. 28, 2011) (Michelson, M.J.), *magistrate judge's report adopted*, 2011 WL 1627336 (E.D. Mich. Apr. 28, 2011) (Cleland, J.); *see also*, *Ryder v. Wolfenbarger*, No. 08-12115, 2010 WL 3059361, at *5 (June 24, 2010) (Hluchaniuk, M.J.), *magistrate judge's report adopted*, 2010 WL 3259358 (E.D. Mich. Aug. 18, 2010) (Zatkoff, J.); *Hernandez v. Harrington*, No. 2:09-cv-167, 2010 WL 3853215, at *3 (Aug. 20, 2010), *magistrate judge's report adopted*, 2010 WL 3843773 (W.D. Mich. Sept. 28, 2010).

Notwithstanding the foregoing, plaintiff has exhausted four claims. First, as conceded by

9

defendant Bower, the grievance attached as Exhibit K exhausts plaintiff's claim that defendant Bower failed to provide him with a copy of the *Prisoner Self Help Litigation Manual* as set forth in ¶ 8 of plaintiff's complaint. Second, contrary to defendants' argument, plaintiff has exhausted two claims against defendant Dinsa alleging forced injection of psychotropic medication and reduction of this lithium medication, as set forth in ¶¶ 5 and 6 of plaintiff's complaint. Those claims are clearly raised in the grievances attached as Exhibits C and E. The Exhibit C grievance complains that plaintiff was inappropriately prescribed injections of psychotropic medication, and names defendant Dinsa (incorrectly spelled as Dr. Dinzle). The Exhibit E grievance complains that "Dr. Denzle" inappropriately lowered his lithium medication. These grievances are sufficient to exhaust plaintiff's claims against defendant Dinsa. Finally, the Court should conclude that plaintiff has exhausted his retaliation claim against defendants King and Rutger as set forth in ¶ 3 of plaintiff's complaint. That claim alleges that defendants King and Rutger retaliated against him by denying him access to his legal mail while he was on observation status. In response to the MDOC defendants' motion, plaintiff provides a grievance asserting this exact claim against defendants King and Rutger. *See* Pl.'s Br. in Opp'n to MDOC Def.s' Mot., Ex. 6. It is true that this grievance was not appealed to Step III, but that is because it was resolved at Step II by providing plaintiff copies of the mail that he did not receive. *See id*. The MDOC grievance policy provides for an appeal to Step III if the prisoner is "dissatisfied with the Step II response." PD 03.02.130, ¶ FF. Thus, plaintiff was not required to further exhaust a grievance that had been favorably resolved in order to comply with § 1997e(a). *See Manning v. Dolce*, No. 09-13840, 2010 WL 3515718, at *3 (July 12, 2010) (Randon, M.J.), *magistrate judge's report and recommendation adopted*, 2010 WL 3515715 (E.D. Mich. Sept. 8, 2010) (Rosen, J.) (citing *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir.

10

2005); *Abney v. McGinnis*, 380 F.3d 663, 669 (2d Cir. 2004); *Ross v. County of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004); *Dixon v. Page*, 291 F.3d 485, 490-91 (7th Cir. 2002).[3]

D.  *Merits of Plaintiff's Exhausted Claims Against Defendant Bower*

Defendant Bower, conceding that plaintiff's claim is exhausted, moves for summary judgment on the merits of that claim. In his claims against defendant Bower, plaintiff alleges that defendant Bower retaliated against him by denying him access to legal materials and copies, *see* Compl., ¶ 7, and violated the Americans with Disabilities Act (ADA) by refusing to accommodate his mental disability by providing him access to the *Prisoner Self Help Litigation Manual*, which is available to other prisoners, *see id.*, ¶ 8. The Court should grant defendant Bower's motion.

Plaintiff's ADA claim fails because individual defendants are not proper parties under the ADA. Title II of the ADA provides, in relevant part, that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA further provides, however, that "[t]he term 'public entity' means–(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1). By its terms, the statute does not apply to individuals, and thus "public entity" under the Act does not include an individual prison official. Accordingly, plaintiff's complaint fails to state a claim against defendant Bower under the

---

[3]Other than the matters discussed above, the documents attached to plaintiff's response do not demonstrate exhaustion of any of his other claims. Contrary to his arguments, none of the grievances attached to plaintiff's response raise any of the claims for which I conclude plaintiff has failed to exhaust his administrative remedies.

ADA.  *See Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004); *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044 (E.D. Mich. 2005) (Roberts, J.); *Damron v. North Dakota Comm'r of Corrections*, 299 F. Supp. 2d 970, 976 (D.N.D. 2004), *aff'd*, 127 Fed. Appx. 909 (8th Cir. 2005).

Nor has plaintiff sufficiently alleged a retaliation or conspiracy claim against defendant Bower.  In order to succeed on a retaliation claim, plaintiff must establish three elements:  "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (plurality op.).  However, if the "defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Id*. at 399.  While the adverse action inquiry is ordinarily a question of fact for the jury, some "adverse actions" are so *de minimis* that they fail to state a retaliation claim as a matter of law.  *See Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002); *Thaddeus-X*, 175 F.3d at 398-99.

Here, defendant Bower has demonstrated that she would have taken the same action regardless of plaintiff's protected conduct.  In her affidavit, defendant Bower avers that the relevant MDOC Policy Directive provides that "prisoners in a residential medical or psychiatric unit shall be allowed to request and receive items from the required main law library collection in the same manner as segregation prisoners."  PD 05.03.115, ¶ X.  Neither *Michigan Rules of Court–Federal* nor the *Prisoner Self Help Litigation Manual* are part of the required main law library collection.  *See* PD 05.03.115A.  Defendant Bower avers that she had no knowledge of any grievances or complaints filed by plaintiff, and that she denied his requests solely on the basis of the relevant

Policy Directives. *See* Br. in Supp. of Def. Bower's Mot., ¶¶ 10-11. Plaintiff in response offers no evidence of a retaliatory motive, and his conclusory assertion of such a motive is insufficient.

Likewise, plaintiff has not sufficiently alleged a conspiracy claim against defendant Bower. Plaintiff asserts a conspiracy claim against all the defendants under both § 1983 and § 1985.

Section 1985(3) provides:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). In *Griffin v. Breckenridge*, 403 U.S. 88 (1971), the Court concluded, after an examination of the legislative history of the 1871 Ku Klux Klan Act upon which § 1985(3) is based, that the section reaches not only conspiracies formed under color of law, but also purely private conspiracies. *Id*. at 101. Wary that this might establish a general federal tort, the Court went on to state:

> The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose--by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment.

*Id*. at 102. Thus, in order to state a cause of action under § 1985(3), "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id*.; *see also, Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993); *United Bhd.*

*of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 833-35 (1983); *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627-28 (11th Cir. 1992); *Volunteer Medical Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 223-24 (6th Cir. 1991). This requirement must be met regardless of whether the conspiracy is purely private or involves state actors. *Cf. Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985); *Harrison v. Brooks*, 519 F.2d 1358, 1359-60 (1st Cir. 1975). Plaintiff has not alleged in his complaint that the defendants' actions were based on some racial or other invidiously discriminatory animus. Thus, he has failed to state a claim under § 1985(3).

Likewise, plaintiff has failed to allege a conspiracy claim against defendant Bower under § 1983. The entirety of plaintiff's conspiracy allegations states only that defendant Bower's actions were "done in conspiracy with Warden Klee and Deputy Warden Lee McRoberts to retaliate for case No. 1:09-cv-176 in violation of the First Amendment." Compl., ¶ 7. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim[.]" *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff's conclusory allegations that defendants conspired to deprive him of his rights, unsupported by any specific allegations, are insufficient to withstand dismissal. *See Grooms v. Marshall*, 142 F. Supp. 927, 933 (S.D. Ohio 2001); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 757 (E.D. Mich. 2001) (Lawson, J.); *Nedea v. Voinovich*, 994 F. Supp. 910, 918 (N.D. Ohio 1998). Accordingly, the Court should grant defendant Bower's motion for summary judgment.

E. *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff has exhausted his claims against defendants Dinsa, King, and Rutgers, as set forth in ¶¶ 3, 5, and 6 of plaintiff's complaint.

14

Accordingly, the Court should grant in part and deny in part the MDOC defendants' motion to dismiss or for summary judgment (docket #11), should grant in party and deny in part defendants Dinsa and Morris's motion to dismiss (docket #19), and should dismiss for failure to exhaust administrative remedies all of plaintiff's claims except for his claims against defendants Gendernalik, King and Rutgers, Dinsa, and Bower, set forth in ¶¶ 2, 3, 5-6, and 7-8 of plaintiff's complaint, respectively. With respect to plaintiff's claims against defendant Bower, the Court should conclude that those claims fail as a matter of law, and should accordingly grant defendant Bower's motion for summary judgment (docket #13) on the merits. If the Court accepts these recommendations, the following claims will remain pending: (1) plaintiff's claim against defendant Gendernalik (who has yet to be served), set forth in ¶ 2 of the complaint; (2) plaintiff's claim against defendants King and Rutgers, set forth in ¶ 3 of the complaint; and (3) plaintiff's claims against defendant Dinsa, set forth in ¶¶ 5-6 of the complaint.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: August 7, 2013

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Robert Annabel and Counsel of Record on this date.

Dated: August 7, 2013     s/ L. Bartlett
                          Rotating Case Manager