UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Annabel,

    Plaintiff,

v.                                                                        Case No. 12-13590

Daniel Heyns, *et al.*,                                 Sean F. Cox
                                                        United States District Court Judge

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## IN PART AND REJECTING IT IN PART

Plaintiff Robert Annabel ("Plaintiff"), a Michigan state prisoner who is a self-described "prolific grievance writer,"[1] filed this prisoner civil rights action, asserting § 1983 claims against multiple defendants.

This Court referred this matter to Magistrate Judge Paul Komives for all pretrial proceedings. (Docket Entry No. 7).

Thereafter, Defendants filed three motions to dismiss and/or motions for summary judgment. (Docket Entry Nos. 11, 13, and 19). On August 7, 2013, Magistrate Judge Komives issued a Report and Recommendation ("R&R") that deals with all three motions. (Docket Entry No. 34). In the R&R, Magistrate Judge Komives recommends as follows:

> The Court should conclude that plaintiff has exhausted his claims against defendants Dinsa, King, and Rutgers, as set forth in ¶¶ 3, 5, and 6 of plaintiff's complaint. Accordingly, the Court should grant in part and deny in part the MDOC defendants' motion to dismiss or for summary judgment (docket #11),

---

[1] *See* Docket Entry No. 15 at 3.

>should grant in part and deny in part defendants' Dinsa and Morris's motion to dismiss (docket #19), and should dismiss for failure to exhaust administrative remedies all of plaintiff's claims except for his claims against defendants Gendernalik, King and Rutgers, Dinsa, and Bower, set forth in ¶¶ 2, 3, 5-6, and 7-8 of plaintiff's complaint, respectively. With respect to plaintiff's claims against defendant Bower, the Court should conclude that those claims fail as a matter of law, and should accordingly grant defendant Bower's motion for summary judgment (docket #13) on the merits.

(R&R at 1).

Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*. "The district judge may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Plaintiff, MDOC Defendants Rutgers and King, and Defendant Dinsa, have filed objections to the R&R. (Docket Entry Nos. 35, 37 & 39).

**MDOC Defendants Rutgers and King's Objection**

MDOC Defendants Rutgers and King assert one objection – they challenge the magistrate judge's conclusion that Plaintiff exhausted his retaliation claim against them.

The retaliation claim at issue is contained in paragraph 3 of Plaintiff's Complaint, wherein Plaintiff alleges that Rutgers and King "retaliated against Plaintiff in violation of [his] First Amendment rights by discarding several articles of mail." (Pl.'s Compl. at 5). Plaintiff acknowledges that the mail at issue was, in fact, provided to him during the grievance process.

2

(*See* Docket Entry No. 15 at Pg ID 291). With respect to this retaliation claim, Plaintiff's Complaint seeks punitive damages in the amount of $1,000.00. (Pl.'s Compl. at 8).

The R&R recommends that this Court "conclude that plaintiff has exhausted his retaliation claim against defendants King and Rutger as set forth in ¶ 3 of plaintiff's complaint." (R&R at 10). It further states:

> That claim alleges that defendants King and Rutger retaliated against him by denying him access to his legal mail while he was on observation status. In response to the MDOC defendants' motion, plaintiff provides a grievance asserting this exact claim against defendants King and Rutger. *See* Pl.'s Br. in Opp'n to MDOC Def.'s Mot., Ex. 6. It is true that this grievance was not appealed to Step III, but that is because it was resolved at Step II by providing plaintiff with copies of the mail that he did not receive. *See id.* The MDOC grievance policy provides for an appeal to Step III if the prisoner is "dissatisfied with the Step II response." PD 03.02.130, ¶ FF. Thus, plaintiff was not required to further exhaust a grievance that had been favorably resolved in order to comply with § 1997e(a).

(*Id.*).

Defendants King and Rutger assert that because additional relief as to the retaliation claim was possible at Step III, but Plaintiff chose not to pursue it, he failed to exhaust this claim. (Defs.'s Objs. at 4). Defendants note that while the Step II grievance response stated that Plaintiff's mail would be provided to him, it made no findings concerning whether either King or Rutgers acted improperly or with a retaliatory motive. They assert that "[a]s such, Plaintiff's retaliatory conduct issue remained unresolved as no relief was provided regarding this issue. Accordingly, as provided by policy, Plaintiff was required to file a Step III appeal." (Defs.' Objs. at 4).

This Court agrees with Defendants King and Rutger that Plaintiff failed to exhaust his remedies as to his retaliation claim against them. The Sixth Circuit has explained that, in *Booth*

3

*v. Churner*, 532 U.S. 731 (2001), the "Supreme Court held that administrative exhaustion under § 1997e(a) was required when an inmate sought monetary damages, even if the prison's internal grievance procedures did not permit the relief the prisoner sought.'" *Jones v. Douglas*, 108 Fed. App'x 254, 256 (6th Cir. 2004) (quoting, *Booth, supra*, at 741)). The Supreme Court "stressed that it would 'not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.' *Id*. at 741 n.6." *Jones*, 108 Fed. App'x at 256. "Futile claims include those claims where there is an inadequate administrative remedy." *Id*. (citing *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001)). "Thus, under *Booth*, even futile claims must be exhausted under § 1997e(a) before filing a § 1983 complaint." *Jones,* 108 Fed. App'x at 256.

Accordingly, the Court shall reject the R&R's recommendation as to the retaliation claim asserted against King and Rutger and shall dismiss this claim.

**Defendant Dinsa's Objection**

Defendant Dinsa asserts one objection – he challenges the magistrate judge's conclusion that Plaintiff exhausted his administrative remedies against him regarding paragraph 6 of Plaintiff's Complaint (the alleged January 2012 incident). Defendant Dinsa objects to the denial of his motion seeking dismissal of an "an alleged January 2012 incident (as stated in Plaintiff's complaint, par. 6), based upon a grievance regarding an alleged February 15, 2012 incident." (Def. Dinsa's Objs. at 2).

The R&R states that "contrary to defendants' argument, plaintiff has exhausted two claims against defendant Dinsa alleging forced injection of psychotropic medication and reduction of this lithium medication, as set forth in ¶¶ 5 and 6 of plaintiff's complaint. Those

claims are clearly raised in the grievances attached as Exhibits C and E." (R&R at 10). The R&R further states that "[t]he Exhibit C grievance complains that plaintiff was inappropriately prescribed injections of psychotropic medication, and named defendant Dinsa (incorrectly spelled as Dr. Dinzle)." (*Id.*). The R&R concludes that the grievance attached as Exhibit C is "sufficient to exhaust" Plaintiff's claim against Defendant Dinsa that is asserted in paragraph 6 of Plaintiff's Complaint.

But as Defendant Dinsa notes in his objections, paragraph 6 of Plaintiff's Complaint alleges that "[i]n *January* 2012 Dr. Dinsa began using excessive force on Plaintiff in violation of the Eighth Amendment by the unnecessary forced injection of the psychotropic medication Prolixen" (Pl.'s Compl. at ¶ 6) (emphasis added), while the grievance attached as Exhibit C involved an incident that allegedly occurred on "*February 15*, 2012." (Docket Entry No. 11-4, Pg ID 109-112) (emphasis added).

In response to Defendant Dinsa's objections, Plaintiff asserts that "Dr. Dinsa did not challenge in his motion for summary judgment that Plaintiff did not exhaust his administrative remedies for actions Defendant took in January 2012." (Docket Entry No. 41).

Contrary to Plaintiff's argument, Defendant Dinsa *did* challenge the alleged January 2012 action as unexhausted:

> Plaintiff alleges that Dr. Surjit Dinsa violated his constitutional rights in *January 2012*, by using excessive force in the administration of Prolixen, a psychiatric medication. (*See Ex. A, Plaintiff's Complaint, Paragraph 6*). Plaintiff has not filed any grievances, Step I, Step II, or Step III, in relation to *this allegation* as required by MDOC Policies and Procedures. Therefore, Plaintiff's allegations against Dr. Dinsa regarding the administration of Prolixen should be dismissed.

(Def. Dinsa's Br., Docket Entry No. 19 at 6-7) (emphasis added).

And in response to that challenge asserted by Defendant Dinsa, Plaintiff's brief states

5

only that he was attaching Exhibit 11 "as proof of exhaustion" as to Claim 6. (Docket Entry No. 15 at Pg ID 292). But again, that grievance specifically states that it involves an incident that occurred on February 15, 2012.

This Court finds Defendant Dinsa's objection to have merit and concludes that Plaintiff failed to exhaust Claim 6 against Defendant Dinsa.

**Plaintiff's Objections**

Plaintiff sets forth three objections to the R&R. As his first and second objections, Plaintiff objects to the magistrate judge's conclusion that he failed to exhaust his administrative remedies as to his claims against Defendants Heyns, Morris, and Sata. Having reviewed Plaintiff's objections regarding his claims against these Defendants, the Court concludes that the magistrate judge properly dismissed those claims.

The R&R also dismissed Plaintiff's ADA claims asserted against Defendant Bowers. (R&R at 11-12) (citing *Lee v. Michigan Parole Bd.*, 104 Fed. App'x. 490, 493 (6th Cir. 2004)). As his fourth and final objection, Plaintiff asserts that the magistrate judge erred in dismissing this claim against Bowers. Plaintiff asserts that the Court should "drop" Defendant Bowers and "add the MDOC" as a Defendant and further asserts that "nothing would hinder him from re-filing a lawsuit that names the MDOC anyway." (Pl.'s Objs. at 3). If Plaintiff wishes to file an amended complaint adding a claim against the MDOC, Plaintiff may file a motion seeking leave to do so.

**CONCLUSION & ORDER**

For the reasons above, IT IS ORDERED that the Court hereby REJECTS the R&R IN PART, and concludes that the following claims should be dismissed for failure to exhaust

administrative remedies: 1) Plaintiff's retaliation claim against Defendants Rutger and King, set forth in paragraph 3 of Plaintiff's Complaint; and 2) Plaintiff's claim against Defendant Dinsa, set forth in paragraph 6 of Plaintiff's Complaint.

IT IS FURTHER ORDERED that, with the exception of the above claims and issues, the Court ADOPTS the R&R in all other respects.

IT IS SO ORDERED.

Dated: September 9, 2013        S/ Sean F. Cox
                                Sean F. Cox
                                U. S. District Court Judge


I hereby certify that on September 9, 2013, the foregoing document was served upon counsel of record by electronic means and upon Robert Annabel by First Class Mail at the address below:

Robert Annabel
414234
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221


Dated: September 9, 2013        S/ J. McCoy
                                Case Manager