UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

       Plaintiff,

                                 CASE NO. 2:12-CV-13590
v.                                JUDGE SEAN F. COX
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

DANIEL HEYNS, et al.,

       Defendants.
_____/

## MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT (docket #47)

Plaintiff Robert Annabel is a state prisoner who, at the times relevant to his action, was incarcerated at the Ionia Maximum Correction Facility in Ionia, Michigan; the Woodland Correctional Center in Whitmore Lake, Michigan; the Michigan Reformatory in Ionia, Michigan; and the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff commenced this action on August 14, 2012, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985(3), and Title II of the Americans with Disabilities Act. A full background of the case is set forth in the Report and Recommendation filed on this date. This Order addresses plaintiff's motion to amend the complaint, filed on September 25, 2013. In his proposed amended complaint, plaintiff asserts a claim against defendant Dinsa based on a February 15, 2012, forced injection of psychotropic medication; a claim against the MDOC under the Americans with Disabilities Act; and Eighth Amendment claim against Defendant Sata based on his application of a sleeper hold to plaintiff; and a retaliation claim against defendants King and Rutgers based on their handling of plaintiff's legal mail. The MDOC defendants filed a response to plaintiff's motion on November 19, 2013, and defendant Dinsa filed a response November 25, 2013. Plaintiff filed a reply on December 2 and

December 5, 2013. For the reasons that follow, plaintiff's motion will be granted with respect to the amended claim against defendant Dinsa, and denied in all other respects.

Ordinarily, leave to amend a complaint or other pleading "shall be freely granted when justice so requires." FED. R. CIV. P. 15(a). Generally, courts have shown "a strong liberality . . . in allowing amendments under Rule 15(a)." *Tahir Erk v. Glenn L. Martin Co.*, 116 F.2d 865 (4th Cir. 1941). As the Supreme Court has stated:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, "[w]hen there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is abuse of discretion to deny [the] motion." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981). In short, courts should construe liberally Rule 15(a) in favor of permitting amendment. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 522 (6th Cir. 1999); *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

Nevertheless, as *Foman* makes clear there are certain situations in which it is appropriate to deny leave to amend. One such circumstance is when amendment would be "futil[e]." *Foman*, 371 U.S. at 182; *see also*, *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003). Amendment is futile when the proposed amendment is subject to dismissal under Rule 12(b)(6), that is, when the

proposed amendment fails to state a claim upon which relief may be granted. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 307 (6th Cir. 2000); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). When, as is the case here, the motion to amend is made after the filing of a motion for summary judgment, the Court may properly look to the affidavits and other evidence in the record. In such a case, "[f]aced with the affidavits and documentary evidence filed by the defendants in support of summary judgment, the Court cannot assess the proposed amended complaint as if that evidence does not exist." *Smith v. Chrysler Corp.*, 938 F. Supp. 1406, 1414 (S.D. Ind. 1996). In such a case, the proposed amended complaint is futile under Rule 15(a) not only if it would fail to survive a motion to dismiss for failure to state a claim, but also if the amended pleading could not survive a previously filed motion for summary judgment. *See Bauchman v. West High Sch.*, 132 F.3d 542, 561-62 (10th Cir. 1997); *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989); *Smith*, 938 F. Supp. at 1414.

Here, most of the claims asserted in plaintiff's proposed amended complaint are futile. Plaintiff's claim against defendant Sata is identical to the claim asserted against defendant Sata in plaintiff's original complaint. *Compare* Amended Compl., ¶ 4, *with* Compl., ¶ 9. Likewise, plaintiff's new claim against defendants King and Rutgers is identical to the claim asserted against these defendants in plaintiff's original complaint. *Compare* Amended Compl., ¶ 5, *with* Compl., ¶ 3. The Court has previously determined that plaintiff failed to exhaust his administrative remedies with respect to these claims, and nothing in plaintiff's proposed amended complaint cures this deficiency. Accordingly, leave to amend to assert these claims again would be futile.

With respect to plaintiff's claim against the MDOC, plaintiff alleges that the MDOC failed

3

to reasonably accommodate his mental disability under Title II of the ADA because he "was denied access to the Prisoner Self-Help Litigation Manual made available to prisoners not confined to in-unit mental health treatment, when Plaintiff reasonably requested that photocopies be delivered to the unit as it was with other law library items." Amended Compl., ¶ 3. Title II of the ADA provides, in relevant part, that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a Title II violation, plaintiff must allege and show that (1) he has a disability; (2) he is otherwise qualified to receive the benefit or service at issue; and (3) he is being excluded from participation in, being denied the benefit of, or being subjected to discrimination in the provision of, the services, programs, or activities of the public entity because of his disability. *See Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005). Importantly, to show that the exclusion was "by reason of" his disability, plaintiff must establish that his disability "actually play[ed] a role in the . . . decision making process and [had] a determinative influence on the outcome." *Pinkerton v. Spellings*, 529 F.3d 513, 519 (5th Cir.2008) (internal quotation omitted). Petitioner cannot make this showing. As explained in the prior Report addressing various defendants' motions for summary judgment, plaintiff was not denied access to the *Prisoner Self Help Litigation Manual* because of his disability, but because he was confined to his housing unit. The relevant MDOC Policy Directive provides that "prisoners in a residential medical or psychiatric unit shall be allowed to request and receive items from the required main law library collection in the same manner as segregation prisoners." PD 05.03.115, ¶ X. The *Prisoner Self Help Litigation Manual* is not part of the required main law library collection. *See* PD

4

05.03.115A. Moreover, the denial of a single book from the law library is insufficient to establish that plaintiff was denied the benefits of a program or service because of his disability. *See Moore v. Curtis*, 68 Fed. Appx. 561, 563 (6th Cir. 2003) (allegation of isolated instances of failing to accommodate disabled prisoner's condition does not state a claim under the ADA). Accordingly, leave to amend to add this claim would be futile.

That leaves only plaintiff's proposed amended claim against defendant Dinsa. In this claim, plaintiff alleges that defendant Dinsa violated his Eighth Amendment and due process rights by the unnecessary forced injection of the psychotropic medication Prolixin, which caused painful bleeding and scar tissue. He alleges that defendant Dinsa "facilitated this act through a panel hearing, in which he violated substantive due process by falsely claiming that Plaintiff had refused the medication in oral form[.]" Amended Compl., ¶ 2. This allegation is identical to the allegation made in ¶ 6 of plaintiff's original complaint, except that plaintiff now alleges that this occurred on February 15, 2012, rather than in January 2012 as initially alleged. The Court previously granted defendant Dinsa's motion for summary judgment with respect to this claim, concluding that plaintiff's grievance challenging the February 15, 2012, incident did not exhaust his claim alleging forced medication in January 2012. Plaintiff's amended complaint clearly cures this exhaustion problem. Defendant Dinsa nevertheless argues that leave to amend to assert this claim would be futile, because the claim fails to state a claim for relief as a matter of law. The Court disagrees.

A prisoner has a "liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). This right is not absolute; prison officials have an "obligation to provide prisoners with medical treatment consistent not only with their own medical interests, but also with

5

the needs of the institution," *id*. at 225, and thus prison officials may administer psychotropic drugs to a prisoner against his will "if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id*. at 227. To comport with the Due Process Clause, the forced medication must be in the prisoner's medical interest, the treating physician's determination must be subject to review by an independent tribunal or panel, and the prisoner must be able to capably argue before the panel or tribunal that he does not need forced medication. *See Sullivan v. Flannigan*, 8 F.3d 591, 598 (7th Cir. 1993) (discussing *Harper*). Plaintiff's amended complaint alleges that defendant Dinsa violated his due process rights by subjecting him to unnecessary forced medications. This is sufficient, at least when reviewing a proposed amended complaint for futility, to state a claim under *Harper*.

Defendant Dinsa argues that plaintiff's claim fails because he is entitled to witness immunity. Because plaintiff alleges that defendant Dinsa lied at the panel hearing reviewing the decision to forcibly medicate him, defendant Dinsa argues that he is entitled to absolute immunity from this claim. This argument is insufficient to conclude that leave to amend would be futile at this stage of the proceedings, for two reasons. First, it is not at all clear that witness immunity extends to the type of panel hearing at issue in plaintiff's claim. As the Supreme Court has explained, the concept of witness immunity is premised on the rationale that "[a] witness' apprehension of damages liability might induce . . . self-censorship." *Briscoe v. LaHue*, 460 U.S. 325, 333 (1983). Because "the truth finding process is better served if the witness' testimony is submitted to 'the crucible of the judicial process,'" *id*. at 333-34 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 440 (1976) (White, J., concurring in the judgment)), rather than withheld by the witness out of fear of civil liability, "'the claims of the individual must yield to the dictates of public policy, which requires that the paths

which lead to the ascertainment of truth should be left as free and unobstructed as possible.'" *Id*. at 332-33 (quoting *Calkins v. Sumner*, 13 Wis. 193, 197 (1860)). Accordingly, "[i]t is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) (citing *Briscoe*, 460 U.S. at 330-31). Where witness immunity is applicable, the defendant is "insulated from liability . . . no matter how egregious or perjurious [his] testimony was alleged to have been." *Id*.

Defendant Dinsa cites, and I have found, no cases suggesting that absolute witness immunity extends to the type of panel hearing alleged in plaintiff's amended complaint. It is true that the Supreme Court has extended absolute immunity to actors involved in administrative proceedings that bear attributes of adversary judicial proceedings, *see Butz v. Economou*, 438 U.S. 478, 513 (1978), but this immunity applies only to administrative proceedings "conducted in a manner equivalent to that of the judicial process." *Rolon v. Henneman*, 517 F.3d 140, 145-46 (2d Cir. 2008). There is no indication, either in the allegations of plaintiff's amended complaint or in the record before the Court, that the panel hearing at issue here bears these attributes. Instructive in this regard is *Cleavinger v. Saxner*, 474 U.S. 193 (1985), in which the Court denied absolute judicial immunity to members of a federal prison's Institution Discipline Committee. The Court found absolute immunity inapplicable, explaining:

> Under the Bureau's disciplinary policy in effect at the time of respondents' hearings, few of the procedural safeguards contained in the Administrative Procedure Act under consideration in *Butz* were present. The prisoner was to be afforded neither a lawyer nor an independent nonstaff representative. There was no right to compel the attendance of witnesses or to cross-examine. There was no right to discovery. There was no cognizable burden of proof. No verbatim transcript was afforded. Information presented often was hearsay or self-serving. The committee members were not truly independent. In sum, the members had no identification with the judicial process of the kind and depth that has occasioned absolute immunity.

*Id.* at 206. Defendant Dinsa may be able, on an appropriate record, to show that the panel hearing in plaintiff's case is more akin to the administrative proceeding in *Butz* than the one in *Cleavinger*, but the record before the Court does not permit that conclusion at this stage.

Second, plaintiff's complaint plausibly alleges not only that defendant Dinsa lied at the panel hearing, but also that Dinsa prescribed the treatment leading to the convening of the panel hearing. Even in the context of a criminal trial, a witness does not receive immunity for non-testimonial acts when the witness "performed the function of a complaining witness," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), that is, when the witness "'set[s] the wheels of government in motion by instigating a legal action.'" *Rehberg v. Paulk*, 132 S. Ct. 1497, 1507 (2012) (quoting *Wyatt v. Cole*, 504 U.S. 158, 164-65 (1992)); *see Gionis v. Javitch, Block, Rathbone, LLP*, 238 Fed. Appx. 24, 27 (6th Cir. 2007).[1] Here, as alleged by plaintiff, defendant Dinsa's role went beyond merely providing false testimony at the panel hearing. Rather, according to plaintiff, Dinsa also initiated that process by prescribing forced medication, and actually administered the medication. Regardless of whether plaintiff will be able to prove these claims, on the record before the Court it cannot be concluded as a matter of law that defendant Dinsa is entitled to witness immunity. Accordingly, leave to amend to assert this claim will not be futile.

In view of the foregoing, it is ORDERED that plaintiff's motion to amend the complaint is hereby GRANTED IN PART and DENIED IN PART. Specifically, the motion is GRANTED with respect to the claim against defendant Dinsa asserted in ¶ 2 of the Amended Complaint. The motion

---

[1] In *Rehberg*, the Court questioned the utility of calling this doctrine the "complaining witness" doctrine, and held that witness immunity extends to testimony given before a grand jury. Nothing in *Rehburg*, however, calls into question the Court's prior decision in *Kalina*, or the general rule that a witness does not receive immunity for acts taken to instigate a legal action. *See Sankar v. City of New York*, No. 07 CV 4726, 2012 WL 2923236, at \*3 (E.D.N.Y. July 18, 2012).

is DENIED in all other respects. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

    IT IS SO ORDERED.

Date: March 24, 2014                       s/Paul J. Komives
                                         PAUL J. KOMIVES
                                         UNITED STATES MAGISTRATE JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 24, 2014.

                                                               s/ Kay Doaks
                                                               Case Manager