UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

    Plaintiff,

    v.

DANIEL HEYNS, et al.,

    Defendants.
    _____/

CASE NO.  2:12-CV-13590
JUDGE SEAN F. COX
MAGISTRATE JUDGE PAUL J. KOMIVES

### MEMORANDUM ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY (docket #50 and #63); GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL SUBPOENA (docket #77); and GRANTING IN PART AND DENYING IN PART HEYNS'S MOTION TO QUASH (docket #74)

Plaintiff Robert Annabel is a state prisoner who, at the times relevant to his action, was incarcerated at the Ionia Maximum Correction Facility in Ionia, Michigan; the Woodland Correctional Center in Whitmore Lake, Michigan; the Michigan Reformatory in Ionia, Michigan; and the Gus Harrison Correctional Facility in Adrian, Michigan.  Plaintiff commenced this action on August 14, 2012, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985(3), and Title II of the Americans with Disabilities Act.  A full background of the case is set forth in the Report and Recommendation filed on this date.  This Order addresses plaintiff's three motions to compel discovery, filed on October 7 and December 10, 2013, and January 31, 2014, as well as defendant Heyns's motion to quash, filed on January 22, 2014.  The parties have filed responses and replies to each of the motions.

In his first motion to compel, plaintiff seeks an order compelling defendant Dinsa to "properly answer" Interrogatory Nos. 1-2 and 4-8 of plaintiff's First Set of Interrogatories, and to "sincerely respond" to Request Nos. 1, 4, and 5 of plaintiff's First Request for Admissions.

Interrogatory Nos. 1 and 2 asked defendant Dinsa the date on which defendant Norris lowered plaintiff's lithium dosage, and after the lowering of the dosage the lithium level revealed by the next laboratory analysis of his blood draws. Interrogatory No. 4 asked whether plaintiff's lithium level was increased back to its original dosage on October 28, 2011. Defendant Dinsa responded to each interrogatory: "Unknown. This interrogatory does not apply to this Defendant." This was a proper response to these interrogatories. "Lack of knowledge or the ability to recollect is, if true, a fair answer." *Weaver v. Mateer & Herbert, P.A.*, 277 F.R.D. 655, 658 (M.D. Fla. 2011); *cf. Roberson v. Great Am. Ins. Cos. of N.Y.*, 48 F.R.D. 404, 409 (N.D. Ga. 1969). The same holds true for defendant Dinsa's responses to Interrogatory Nos. 7 and 8, which queried defendant Dinsa regarding statements made at a February 2012 panel hearing and as to which defendant Dinsa disclaims any personal recall of his specific testimony at the hearing. With respect to Interrogatory Nos. 5 and 6, plaintiff asked on what date defendant Dinsa lowered plaintiff's lithium dosage and Wellbutrin dosage. Plaintiff claims that although defendant Dinsa answered these interrogatories, his answer to No. 5 included extraneous, false information and his answer to No. 6 is false. Likewise, plaintiff challenges the veracity of defendant Dinsa's responses to Request Nos. 1, 4, and 5 of plaintiff's requests for admissions. Plaintiff's challenge to the veracity of defendant's answer provides no basis for a motion to compel. "The purpose of a motion to compel discovery is not to challenge the truthfulness of the response but rather to compel a party to *answer* the interrogatory. Defendant has done that, so there is nothing for the court to compel." *Stewart v. Capital Newspapers, Inc.*, No. 09-cv-554, 2010 WL 1508289, at *3 (W.D. Wis. Apr. 14, 2010); *accord Grant v. Target Corp.*, No. 2:10-cv-823, 2013 WL 571845, at *9 (S.D. Ohio Feb. 13, 2013) ("[A] motion to compel is not the correct way . . . to argue about the factual accuracy of [a party's] responses."); *Hickman v. Silva*, No.

2

C-12-209, 2012 WL 4973041, at *2 (S.D. Tex. Oct. 17, 2012) (a party's "quibble[] with the veracity of the response . . . is not a basis for a motion to compel."); *Arnold v. Miller*, No. 08-234, 2008 WL 4545339, at *2 (S.D. Ill. Oct. 10, 2008) ("A motion to compel is not the proper means of challenging the truthfulness of [a] response."). Accordingly, plaintiff's first motion to compel will be denied.

In his second motion to compel, plaintiff seeks an order compelling defendant Dinsa to provide various documents in response to his Request for Production of Documents. Plaintiff seeks documents such as his MDOC medical and mental health files, the audio recording of the panel hearing, a video of the cell transfer, and similar prison documents. Defendant Dinsa responded that, as an employee of a third party contractor, he does not have possession or control of these documents, and that plaintiff's request should be directed to the MDOC. Generally, a party cannot be forced to produce documents that are not in its custody, control, or possession. *See La Chemise Lacoste v. The Alligator Co., Inc.*, 60 F.R.D. 164, 171 (D. Del. 1973); *United States v. Dempster Bros., Inc.*, 31 F.R.D. 207, 208 (E.D. Tenn. 1962). A party's duty under Rule 34 extends to documents not only in the party's possession, but also in the party's control. Under Rule 34, "control" means "the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Here, there is no evidence that the documents sought by plaintiff are within defendant Dinsa's control. The documents are records maintained by the MDOC. Defendant Dinsa is not an officer or employee of the MDOC, and has no legal right to exercise control over the MDOC or demand that it provide him with its records. To be sure, defendant Dinsa could seek to obtain these documents and recordings from the MDOC through a subpoena, but he has no obligation to do so under Rule 34. Rather, his duty under Rule 34 is only "to seek that information reasonably available to him from his employees, agents, or others subject

to his control." *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992). Defendant Dinsa is not obligated to fund the costs of plaintiff's discovery. *See Smith v. Yarrow*, 78 Fed. Appx. 529, 544 (6th Cir. 2003). Pursuant to MDOC regulations, plaintiff may obtain a copy of his own prison medical records, *see* MDOC POLICY DIRECTIVE 03.04.108, ¶ S (Jan. 17, 2011), and plaintiff has a right to inspect and obtain copies of all his medical records under federal law, *see* 45 C.F.R. § 164.524. Because plaintiff may as easily obtain these records, and because defendant Dinsa is not obligated to fund plaintiff's litigation efforts, it is not appropriate to compel defendant to produce plaintiff's medical records, which are in the possession of a third party. *See Mitchell v. Haviland*, 2:09-cv-3012, 2013 WL 5587404, at *6 (E.D. Cal. Oct. 10, 2013); *Washam v. Evans*, No. 2:10CV00150, 2011 WL 2559850, at *3 (E.D. Ark. June 29, 2011) (citing cases).

In his final motion, plaintiff seeks an order compelling compliance with a subpoena directed to (former) defendant Heyns, which seeks: (1) the complete medical and mental health records of plaintiff; (2) all critical incident reports involving plaintiff; (3) video recordings of any forced cell moves; and (4) the audio recording or a written transcription of the February 15, 2012 panel hearing. Heyns has filed a motion to quash the subpoena, arguing that it was not properly served, seeks irrelevant information, and is unduly burdensome. As to plaintiff's medical records, as noted above plaintiff may, under the MDOC's policy directives, obtain a copy of these records himself. Because plaintiff may readily obtain these records on his own by following this policy directive, requiring a nonparty to provide the records would be unduly burdensome. *See Graham v. Casey's Gen'l Stores, Inc.*, 206 F.R.D. 251, 254 (S.D. Ind. 2002). With respect to the critical incident reports and forced cell moves, as Heyns correctly points out the only claims remaining before the Court are plaintiff's claims against defendant Dinsa alleging improper reduction of his lithium and

4

unnecessary forced medication. The documents and recordings sought by plaintiff are not relevant to these claims, and thus need not be produced by a nonparty through a subpoena. However, there is no basis for quashing the subpoena with respect to plaintiff's request for the audio recording of the panel hearing or a written transcription of that hearing. This hearing is relevant to plaintiff's remaining claim against defendant Dinsa, and Heyns provides no basis for concluding that production of this single audio recording (or a transcript thereof) will be unduly burdensome. Further, although Heyns contends that he does not possess the recording or transcript because he is not the custodian of records, as the Director of the MDOC he certainly has the ability to exercise control over the custodian and obtain the record. *See Securities & Exchange Comm'n v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 471-72 (S.D.N.Y. 2000) (applying same "custody or control" standard to Rule 45 subpoena as applied to Rule 34 document request). Accordingly, Heyns will be ordered to comply with this aspect of plaintiff's subpoena.[1]

In view of the foregoing, it is ORDERED that plaintiff's two motions to compel discovery are hereby DENIED. It is further ORDERED that plaintiff's motion to compel subpoena and Heyns's motion to quash are both hereby GRANTED IN PART and DENIED IN PART. Specifically, plaintiff's motion is GRANTED to the extent it seeks an order compelling Heyns to provide an audio recording or written transcript of the February 15, 2012, panel hearing. Heyns's motion to quash is GRANTED in all other respects. Finally, it is ORDERED that Heyns provide to plaintiff a copy of the audio recording or a written transcript of the panel hearing within 21 days

---

[1] With respect to Heyns's argument regarding service, Rule 45 does not define "delivery." A number of courts have held, with little analysis, that the rule requires personal service. The better reasoned view, however, is that "delivery" includes any form of delivery which provides notice of the subpoena, including delivery by certified mail. *See Hall v. Sullivan*, 229 F.R.D. 501, 503-04 (D. Md. 2005) (discussing cases).

of the date of this Order.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1). The parties are advised that, absent further Order from the Court, the filing of an appeal to the District Judge does not stay the obligations of the parties as set forth in this Order. *See* E.D. MICH. LR 72.2.

IT IS SO ORDERED.


Date: March 24, 2014                         s/Paul J. Komives
                                             PAUL J. KOMIVES
                                             UNITED STATES MAGISTRATE JUDGE


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 24, 2014.

                                             s/ Kay Doaks
                                             Case Manager