UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

       Plaintiff,

          v.

DANIEL HEYNS, et al.,

       Defendants.

_____/

CASE NO. 2:12-CV-13590
JUDGE SEAN F. COX
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON: (1) PLAINTIFF'S MOTION FOR
EXTENSION OF DISCOVERY (docket #59); (2) PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (docket
#66); and (3) DEFENDANT DINSA'S MOTION FOR SUMMARY JUDGMENT (docket
#72)**

I.    <u>RECOMMENDATION</u>: The Court should deny plaintiff's motion for extension of

discovery, deny plaintiff's motion for temporary restraining order, and grant defendant Dinsa's

motion for summary judgment.

II.    <u>REPORT</u>:

A.    *Procedural Background*

    Plaintiff Robert Annabel is a state prisoner who, at the times relevant to his action, was

incarcerated at the Ionia Maximum Correction Facility in Ionia, Michigan; the Woodland

Correctional Center in Whitmore Lake, Michigan; the Michigan Reformatory in Ionia, Michigan;

and the Gus Harrison Correctional Facility in Adrian, Michigan.  Plaintiff commenced this action

on August 14, 2012, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985(3),

and Title II of the Americans with Disabilities Act.  Named as defendants are: Daniel Heyns, MDOC

Director; Tim Kipp, Michigan Reformatory Deputy Warden; Jane Morris, a nurse practitioner at the Michigan Reformatory; David Gendernalik, a psychiatrist at Woodland Correctional Center; Woodland Correctional Center Resident Unit Officer (RUO) Sata; Ionia Maximum Sergeant Christopher King; Ionia Correctional Officer Aaron Rutgers; Surjit Dinsa, a psychiatrist at Gus Harrison Correctional Facility; Gus Harrison Law Librarian Bower; Gus Harrison Deputy Warden Lee McRoberts; and Gus Harrison Warden Paul Klee.

The bulk of plaintiff's complaint alleges a conspiracy by defendants, orchestrated by defendant Heyns, to deprive petitioner of his constitutional rights in retaliation for a prior lawsuit filed against Heyns and other prison officials and in retaliation for various grievances. *See* Compl., ¶¶ 1-5, 7, 10. Plaintiff alleges that defendants variously retaliated against him by: (1) lowering his lithium carbonate medication, Compl., ¶¶ 1-2, 5; (2) discarding items of mail, *id.*, ¶ 3; (3) placing him in restraints and issuing a false misconduct ticket, *id.*, ¶ 4; and (4) denying him access to certain law library materials, *id.*, ¶ 7. In addition, plaintiff alleges that certain defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by lowering his lithium medication and forcibly administering injections of a psychotropic medication. *See id.*, ¶¶ 1-2, 5-6. Finally, plaintiff alleges that defendant Bower violated the Americans with Disabilities Act by failing to accommodate his mental disability, *see id.*, ¶ 8, and that defendant Sata violated his Eighth Amendment rights by using excessive force against him, *see id.*, ¶ 9.

On August 7, 2013, I filed a Report and Recommendation addressing three motions to dismiss or for summary judgment filed by defendants. In that Report, I recommended that the Court conclude that plaintiff had failed to exhaust his administrative remedies with respect to all of his claims except his claims against defendants Bower, Dinsa, King, and Rutgers, and that the Court

conclude that plaintiff's claim against defendant Bower fails as a matter of law.  Accordingly, I recommended that the Court should grant in part and deny in part defendants' motions, leaving only plaintiff's claims against defendants Dinsa, King, and Rutgers set forth in ¶¶ 3, 5, and 6 of plaintiff's complaint to remain, as well as the claim set forth in ¶ 2 against defendant Gendernalik, who had not yet been served.  On September 9, 2013, the Court entered on Order adopting in part and rejecting in part my Recommendation.  Specifically, the Court disagreed with my conclusion that plaintiff had exhausted his claims against defendants King and Rutgers as asserted in ¶ 3 of plaintiff's complaint, and that plaintiff had exhausted his administrative remedies with respect to the claim asserted against defendant Dinsa in ¶ 6 of the complaint.[1]  As a result of the Court's order, the only remaining claim is plaintiff's claim against defendant Dinsa asserted in ¶ 5 of plaintiff's complaint.  By Order entered this date, I have granted in part plaintiff's motion to amend his complaint.  Specifically, I have granted with respect to ¶ 2 of plaintiff's amended complaint, which reasserts the claim set forth in ¶ 6 of the original complaint, but with a corrected date of the incident as February 15, 2012, curing the exhaustion problem with respect to this claim.

This Report addresses three motions pending before the Court.[2]  First, on December 5, 2013, plaintiff filed a motion for extension of discovery pursuant to FED. R. CIV. P. 56(d), in which he seeks a delay in ruling on any summary judgment motion until defendant Dinsa provides requested discovery.  Defendant Dinsa filed a response to this motion on December 19, 2013, and plaintiff filed a reply on December 30, 2013.  Second, on December 18, 2013, plaintiff filed a motion for temporary restraining order and preliminary injunction.  In this motion, plaintiff seeks an order

---

[1]On January 30, 2014, the Court denied plaintiff's motion for relief from judgment seeking reversal of the Court's order.

[2]Several other pending motions are addressed in separate Orders filed on this date.

restraining defendant Heyns and the MDOC from denying him adequate legal supplies. The MDOC defendants filed a response to this motion on January 10, 2014, and plaintiff filed a reply on January 21, 2014. Third, on January 13, 2014, defendant Dinsa filed a motion for summary judgment. Defendant Dinsa argues that plaintiff cannot show a genuine issue of material fact with respect to whether he retaliated against plaintiff or was deliberately indifferent to plaintiff's serious medical needs. Plaintiff filed a response to this motion on January 27, 2014, and defendant Dinsa filed a reply on February 10, 2014.

B.      *Defendant Dinsa's Motion for Summary Judgment*

1.      *Legal Standard*

Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party

4

need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

2. *Analysis*[3]

In ¶ 5 of his complaint, plaintiff alleges the following:

> In December of 2011 Plaintiff was housed at the Gus Harrison Correctional Facility (ARF), where Dr. Dinsa again lowered his lithium dosage from 1350 mgs. per diem to 900 against Plaintiff's protests pending a December 22, 2011 deposition

---

[3]In this section, I analyze only whether defendant Dinsa is entitled to summary judgment on the record currently before the Court. I analyze whether a ruling on the summary judgment motion should be deferred pending further discovery in the next section of this Report.

for Case No. 1:09-cv-176[4]. This was done with deliberate indifference in violation of the Eighth Amendment and in conspiracy to retaliate in violation of the First Amendment. This lead to a series of mental breakdowns with scar-leaving self injurious behavior of cutting and head banging. Furthermore, Plaintiff is destined to lose liberty for a prisoner in possession of a weapon prosecution resulting from improper medication.

Compl., ¶ 5. Defendant Dinsa argues that plaintiff cannot show a genuine issue of material fact with respect to whether defendant Dinsa exhibited deliberate indifferent to plaintiff's medical needs or retaliated against him. The Court should agree.

### a. Eighth Amendment Claim

To state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege or immunity secured by the Federal Constitution or the laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *See Doe v. Wigginton*, 21 F.3d 733, 738 (6th Cir. 1994). Here, plaintiff alleges that defendant Dinsa was deliberately indifferent to his serious medical needs by lowering his lithium prescription. Under the "deliberate indifference" standard, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A prison official is not free to ignore obvious dangers to inmates, and may be liable even if he does not know the exact nature of the harm that may befall a particular inmate. *See id.* at 843-44. However, prison officials may escape liability if they show that they in fact did not know of the obvious risk to the inmate's health or safety, or knowing of it, they acted reasonably under the circumstances. *See id.* at 844-45. In short, "'[d]eliberate indifference

---

[4]This refers to *Annabel v. Caruso*, No. 1:09-cv-176 (W.D. Mich., filed Mar. 2, 2009). This complaint raised religious exercise claims under the First Amendment and RLUIPA against officials at the Ionia Correctional Facility. *See* Def.'s Mot. for Summ. J., Ex. A.

6

is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice." *Wright v. Taylor*, 79 Fed. Appx. 829, 831 (6th Cir. 2003) (citing *Farmer*, 511 U.S. at 835-36; *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (en banc)). Plaintiff's claim that defendant denied him medically necessary treatment is governed by these objective and subjective tests, as explained by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97 (1976). In *Estelle*, the Court held that "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 105. Thus, a court faced with failure to treat claims has a two-fold inquiry: (1) does the plaintiff's complaint involve "serious illness or injury"?–*i.e.*, the objective prong of the Eighth Amendment analysis; and (2) if so, were the defendants deliberately indifferent to this serious illness or injury?–*i.e.*, the subjective prong of the Eighth Amendment analysis. *See generally*, *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996).

Here, plaintiff has presented no evidence that defendant Dinsa was deliberately indifferent to his mental health needs. Although plaintiff's medical records have not yet been produced, it is undisputed that defendant Dinsa and other practitioners were treating plaintiff's mental health condition. It is also undisputed that both Dinsa and others were adjusting plaintiff's medications, in particular his lithium. For example, plaintiff alleges that his lithium had previously been reduced by Nurse Morris, then raised again. He also contends that the lithium dosage was again raised by defendant Dinsa in early 2014, after it had been reduced by Dinsa in December 2013. Plaintiff's own allegations and arguments establish that he was receiving continuous treatment for his condition, including repeated adjustments of his medication. Plaintiff's allegations and arguments fall far short of establishing that defendant Dinsa was deliberately indifferent. As the Seventh

Circuit has explained, "'[d]eliberate indifference' means *recklessness* in a criminal, subjective sense: disregarding a risk of danger so substantial that knowledge of the danger can be inferred.  Such disregard is tantamount to intending that the injury occur."  *James v. Milwaukee County*, 956 F.2d 696, 700 (7th Cir. 1992) (quoting *McGill v. Duckworth*, 941 F.2d 344, 348 (7th Cir. 1991)) (citations omitted); *accord Farmer*, 511 U.S. at 836 (equating "deliberate indifference" to the "recklessness" standard under criminal law); *Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994) (negligence insufficient to establish deliberate indifference); *McGhee v. Foltz*, 852 F.2d 876, 881 (6th Cir. 1988) (gross negligence insufficient).

As the Supreme Court made clear in *Estelle*, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at 106.  "[A]n inadvertent failure to provide adequate medical care (such as medical malpractice) cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'"  *Estelle*, 429 U.S. at 107.  In the medical context, therefore, mere negligence, or even gross negligence, is insufficient to establish an Eighth Amendment violation.  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857, 860-61 n.5 (6th Cir. 1976).  Thus, allegations of "an inadvertent failure to provide medical care . . . [or of] negligen[ce] in diagnosing or treating a medical  condition does not state a valid claim of medical mistreatment under the Eighth Amendment."  *Estelle*, 429 U.S. at 105-06; *see also*, *Williams v. Mehra*, 186 F.3d 685, 691

(6th Cir. Aug. 4, 1999) (en banc).  As another court has explained,

> "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

*Williams v. Correctional Medical Servs.*, 629 F. Supp. 2d 360, 372 (D. Del. 2009).  Here, "the record shows [plaintiff] is receiving medical treatment from Defendant[]. He appears to simply disagree with the course of his treatment. This disagreement does not state an Eighth Amendment claim." *White v. Goff*, 348 Fed. Appx. 366, 369-70 (10th Cir. 2009) (citing *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir.1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.")).  Accordingly, the Court should conclude that defendant Dinsa is entitled to summary judgment on plaintiff's Eighth Amendment claim.

### b.  Retaliation Claim

Likewise, the Court should conclude that defendant Dinsa is entitled to summary judgment on plaintiff's retaliation claim.  In order to succeed on his retaliation claim, plaintiff must establish three elements:  "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (plurality op.).  However, if the "defendant can show that

he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Id.* at 399. While the adverse action inquiry is ordinarily a question of fact for the jury, some "adverse actions" are so *de minimis* that they fail to state a retaliation claim as a matter of law. *See Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002); *Thaddeus-X*, 175 F.3d at 398-99.

It is undisputed that defendant Dinsa was not a party to the lawsuit pending at the time he changed plaintiff's medications, and that the allegations in that suit related only to events that occurred while plaintiff was incarcerated in a different facility. Defendant Dinsa avers that he had no knowledge of that pending suit at the time he changed plaintiff's lithium dosage, and that he likewise had no knowledge that plaintiff's deposition in that suit was scheduled for three weeks after he changed the dosage. *See* Def.'s Mot. for Summ. J., Ex. B, Aff. of Surjit Dinsa M.D., ¶ 4. Plaintiff can point to no evidence to the contrary. Plaintiff argues merely that the temporal relationship between the dosage change and the scheduled deposition show that defendant Dinsa acted with a retaliatory motive. While temporal proximity alone may support a finding of a causal connection in some situations, "[s]ubstantial case law from th[e] [Sixth] [C]ircuit cautions about the permissibility of drawing an inference of causation from temporal proximity alone,'" and evidence in addition to temporal proximity is usually required. *LaFountain v. Mikkelsen*, 478 Fed. Appx. 989, 993 (6th Cir. 2012) (quoting *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400 (6th Cir. 2010)); *see also*, *Coleman v. Bowerman*, 474 Fed. Appx. 435, 437 (6th Cir. 2012) (citations omitted) ("In theory, temporal proximity between the protected conduct and the adverse action, standing alone, may be significant enough to create an inference of retaliatory motive. However, when other evidence of retaliatory motive is lacking, we have been reluctant to hold that temporal proximity is

sufficient to establish causation."); *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010) ("Although this court has concluded that evidence of temporal proximity between filing grievances and the adverse action provides some support for establishing retaliatory motive, it has been reluctant to find that such evidence alone establishes retaliatory motive."). Here, plaintiff has pointed to no other evidence of retaliatory motive beyond temporal proximity. Moreover, any inference of retaliatory motive based on temporal proximity in this case is particularly weak, given that defendant Dinsa was not a defendant in the suit for which plaintiff was allegedly being retaliated against. *See LaFountain*, 478 Fed. Appx. at 992 (no causal connection established based on temporal proximity where plaintiff had threatened another official, not the defendant, with a lawsuit). Plaintiff's "conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state a claim under § 1983." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (internal quotation omitted); *see also*, *Cox v. Jackson*, 579 F. Supp. 2d 831, 848 (E.D. Mich. 2008) (Rosen J., adopting Report of Komives, M.J.).

Plaintiff attempts to establish a retaliatory motive by asserting that defendant Dinsa conspired with defendant Heyns to retaliate, because defendant Heyns had a motive to retaliate against him. This argument fails, for two reasons. First, as with his general retaliation claim, plaintiff's conspiracy claim is based on speculative allegations unsupported by any evidence. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim[.]" *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff's conclusory allegations that defendants conspired to deprive him of his rights, unsupported by any specific allegations or evidence, are insufficient to withstand summary judgment. *See Grooms v. Marshall*, 142 F. Supp.

11

927, 933 (S.D. Ohio 2001); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 757 (E.D. Mich. 2001) (Lawson, J.); *Nedea v. Voinovich*, 994 F. Supp. 910, 918 (N.D. Ohio 1998). Moreover, plaintiff cannot show that defendant Heyns had any retaliatory motive. As plaintiff's complaint in the prior suit makes clear, Heyns was not a defendant in that action, and indeed was not even the MDOC Director at the time that suit was filed. Rather, the MDOC Director was Patricia Caruso. Accordingly, the Court should conclude that defendant Dinsa is entitled to summary judgment on plaintiff's retaliation claim.

C.      *Plaintiff's Motion for Extension of Discovery*

        In both a separate motion and in his response to defendant Dinsa's motion for summary judgment, plaintiff contends that summary judgment should not be granted until he obtains further responses to his outstanding discovery requests. The Court should reject this argument, and accordingly deny plaintiff's motion to stay summary judgment and, for the reasons explained above, grant defendant Dinsa's motion for summary judgment.

        Rule 56(d) (formerly Rule 56(f)) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). As another court in this Circuit has explained:

> When a party opposing a motion for summary judgment believes that further discovery is needed to develop the issues addressed in the motion, that party must file an affidavit pursuant to Fed.R.Civ.P. 56(f) ("R.56(f)"), to "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). Rule 56(f) provides as follows:
>> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons

12

> stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rule 56(f) is the means by which a party resisting a motion for summary judgment fulfills the "obligation to inform the district court of his need for discovery . . . ." *Cacevic*, 226 F.3d at 488 (quoting *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996)). The party seeking additional discovery must "affirmatively demonstrate . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir.1998) (internal quotation marks omitted).

> The filing of a Rule 56(f) affidavit is no mere formality:

>> We, like other reviewing courts, place great weight on the Rule 56(f) affidavit, believing that "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." The Second Circuit Court of Appeals has similarly explained that "[a] reference to Rule 56(f) and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit . . . and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate."

> *Cacevic*, 226 F.3d at 488 (quoting *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir.1996)) (citations omitted) (alterations in original). "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Id.*

*Gencorp, Inc. v. AIU Ins. Co.*, 304 F. Supp. 2d 955, 960 (N.D. Ohio 2004); *see also*, *Gettings v. Building Laborers Local 310 Fringe Benefit Fund*, 349 F.3d 300, 305 (6th Cir. 2003); *Cacevic*, 226 F.3d at 488; *Evans*, 80 F.3d at 961. Thus "a party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." *Evans*, 80 F.3d at 961 (internal quotation omitted); *see also*, *Whalen v. Century Communications*, No. 97-

16572, 1999 WL 109630, at *1 (9th Cir. Dec. 10, 1998) ("An inadequate discovery time argument fails where the party complaining failed to take advantage of the procedural remedy offered in Rule 56(f).").

Here, plaintiff has failed to "affirmatively demonstrate . . . how postponement of a ruling on the motion[s] will enable him, by discovery or other means, to rebut the [defendants'] showing of the absence of a genuine issue of fact." *Good*, 149 F.3d at 422.   In his affidavit in support of his motion, plaintiff avers that he has been unable to obtain his medical and mental health files that would show his need for a higher dosage of lithium, and video records that would show his psychotic behavior when not properly medicated.   Even assuming that plaintiff has a good basis for not yet having discovered this information,[5] he cannot show that the medical records would disclose a genuine issue of material fact.   It is undisputed that plaintiff had previously been on a higher dosage of lithium.   It is also undisputed that plaintiff's medical providers were continually adjusting his medications.   Petitioner does not allege that he was completely taken off the medication, or that defendant Dinsa failed to treat his mental health condition.   Plaintiff, as explained above, alleges nothing more than a dispute with defendant Dinsa's medical judgment, and he provides no reason to believe that his medical records, in light of what is undisputed, would show that defendant Dinsa's decision to lower the lithium dosage reflected the kind of criminal recklessness necessary to establish that defendant Dinsa acted with deliberate indifference.   Further, plaintiff does not suggest, and there is no reason to believe, that the medical records could provide any material

---

[5]Defendant Dinsa served his responses to plaintiff's discover requests on November 14, 2013. In those responses, as well as in a letter from defendant Dinsa's counsel to plaintiff, defendant explained that as a third-party contractor he does not possess plaintiff's medical records, and that those records should be obtained directly from the MDOC.   It does not appear that, in the four months since this response, plaintiff has utilized the procedures for obtaining his own medical records.   *See* MDOC POLICY DIRECTIVE 03.04.108, ¶ S (Jan. 17, 2011).

14

evidence that defendant Dinsa acted with a retaliatory motive.[6]  Accordingly, summary judgment

is not premature.  *See Chilingirian v. Boris*, 882 F.2d 200, 203 (6th Cir. 1989) (summary judgment

not premature even though discovery had not been conducted where "there is no evidence that

discovery would have disclosed disputed material facts in support of [plaintiff's] claim.").

D.      *Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction*

        Finally, plaintiff has moved for a temporary restraining order and preliminary injunction,

seeking an order enjoining defendants as well as their successors, agents, and employees from

denying him adequate legal supplies.  The Court should deny plaintiff's motion.

        1.      *Legal Standard*

        "In the exercise of its discretion with respect to a motion for preliminary injunction, a district

court must give consideration to four factors:  '(1) whether the movant has a strong likelihood of

success on the merits; (2) whether the movant would suffer irreparable injury without the injunction;

(3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the

public interest would be served by issuance of the injunction.'" *American Civil Liberties Union of*

*Ky. v. McCreary County, Ky.*, 354 F.3d 438, 445 (6th Cir. 2003) (quoting *Rock and Roll Hall of*

*Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998)); *see also*, *Taubman Co.*

*v. Webfeats*, 319 F.3d 770, 774 (6th Cir. 2003).

        "'The four considerations applicable to preliminary injunction decisions are factors to be

balanced, not prerequisites that must be met.'" *Hamad v. Woodcrest Condominium Ass'n*, 328 F.3d

224, 230 (6th Cir. 2003) (quoting *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th

---

[6]Plaintiff does suggest that the records could dispute defendant Dinsa's assertion that he concurred in the lowering of the lithium dosage.  Even if so, this is not a material fact.  Defendant Dinsa's decision was a medical judgment not exhibiting deliberate indifference regardless of whether or not plaintiff concurred with that decision.

Cir.2001)); *see also*, *Taubman Co.*, 319 F.3d at 774.   Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate the preliminary injunction inquiry.   Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *see also*, *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").   Further, plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one.   "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).   "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).   Thus, plaintiff may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate his entitlement to injunctive relief.

With respect to the likelihood of success factor, plaintiff need not show that he is sure to prevail on any of his claims.   However, he must, "at a minimum, show[] serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant if the injunction is issued." *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997) (internal quotation omitted); *see also*, *Gaston Drugs, Inc. v. Metropolitan Life Ins. Co.*, 823 F.2d 984, 988 & n.2 (6th Cir. 1987).   With respect to the harm factor, the harm that would result

in the absence of the injunction must be irreparable, not merely substantial. As the Supreme Court

has noted,

> "The key word in this consideration is *irreparable*. Mere injuries, however
> substantial, in terms of money, time and energy necessarily expended in the absence
> of a stay, are not enough. The possibility that adequate compensatory or other
> corrective relief will be available at a later date, in the ordinary course of litigation,
> weighs heavily against a claim of irreparable harm."

*Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Virginia Petroleum Jobbers Ass'n v. FPC*, 259

F.2d 921, 924 (D.C. 1958)). In short, "[a] plaintiff's harm from the denial of a preliminary

injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d

at 578. In evaluating the harm facing the plaintiffs, the Court must evaluate three factors: "(1) the

substantiality of the injury alleged, (2) the likelihood of its occurrence, and (3) the adequacy of the

proof provided." *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th

Cir. 1987).

Finally, in addition to these four factors which govern all preliminary injunctions, plaintiff's

suit challenging the conditions of confinement is subject to § 802 of the Prison Litigation Reform

Act, which in relevant part provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than
> necessary to correct the harm the court finds requires preliminary relief, and be the
> least intrusive means necessary to correct that harm. The court shall give substantial
> weight to any adverse impact on public safety or the operation of a criminal justice
> system caused by the preliminary relief and shall respect the principles of comity set
> out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).[7]

---

[7]The referenced principles of comity prevent a court from ordering "any prospective relief that requires or permits a government official to exceed his or her authority under State or local law or otherwise violates State or local law, unless—(i) Federal law requires such relief to be ordered in violation of State or local law; (ii) the relief is necessary to correct the violation of a Federal right; and (iii) no other relief will correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(B).

2.      *Analysis*

In his motion, plaintiff asserts that Ms. Hood, the law librarian at Macomb Correctional Facility, is improperly limiting his legal supplies.  The Court cannot issue any injunction with respect to Ms. Hood, however, because she is not a party to this suit.  "It is elementary that one is not bound by a judgment in *personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110 (1969) (citation omitted).  A court is powerless to adjudicate a claim against a party unless it has jurisdiction over the party, and even a party who is alleged to be in concert or participation is to be accorded a hearing for a determination of his role in the matter before a determination is made that the party is subject to the injunction.  *See id.* at 112; *Ron Matusalem & Matusa, Inc. v. Ron Matusalem, Inc.,* 872 F.2d 1547, 1554 (11th Cir.1989).  Thus, the Court cannot subject Ms. Hood to an injunction, as she has not been named as a defendant and served in accordance with Rule 4 of the Federal Rules of Civil Procedure.  *See Guillen v. Thompson,* No. 08-1279, 2009 WL 2513501, at *7 (D.Ariz. Aug.14, 2009); Fed. R. Civ. P. 65(d)(2) (injunction is binding only on parties, their agents, and persons acting in concert with parties).  Plaintiff does not assert that any of the named defendants are denying him access to adequate legal supplies.

Further, plaintiff's complaint attacks only the adequacy of the treatment that he received for his mental health condition, the issuance of misconduct tickets, his placement in a choke hold, the handling of his mail, and denial of access to the *Prisoner Self Help Litigation Manual*.  At no point in his complaint does plaintiff allege that he is being deprived of adequate legal materials such as paper and envelopes.  As the Supreme Court has explained, a preliminary injunction is appropriate to grant relief of "the same character as that which may be granted finally," but is inappropriate

18

where the injunction "deals with a matter lying wholly outside of the issues in the suit." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *see also*, *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (a party moving for a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint).   Because the basis on which plaintiff seeks a preliminary injunction is unrelated to the claims raised in the complaint, plaintiff cannot demonstrate a likelihood of success on the merits.   *See Guillen v. Thompson*, No. 08-1279, 2009 WL 2513501, at *6-*7 (D. Ariz. Aug. 14, 2009); *Baum v. Immel*, No. 2:05-CV-89, 2006 WL 666627, at *3 (W.D. Mich. Mar. 14, 2006).

Finally, plaintiff is no longer incarcerated at the Macomb Correctional Facility, as indicated in a notice of change of address filed on February 18, 2014.   It is well established that "[a] prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility."   *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002); *see also*, *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007) (citing cases from Second, Third, and Eighth Circuits); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).   Because plaintiff is no longer subject to the care of Ms. Hood, the official allegedly depriving him of legal materials, his request for preliminary injunctive relief is moot.   *See Candelaria v. Coughlin*, 787 F. Supp. 368, 378 (S.D.N.Y.), *aff'd*, 979 F.2d 845 (2d Cir. 1992).

E.      *Conclusion*

In view of the foregoing, the Court should grant defendant Dinsa's motion for summary

19

judgment, deny plaintiff's motion for extension of discovery, and deny plaintiff's motion for a temporary restraining order and preliminary injunction.[8]

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

    The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Date: March 24, 2014                              s/Paul J. Komives
                                                  PAUL J. KOMIVES
                                                  UNITED STATES MAGISTRATE JUDGE

---

    [8]If the Court accepts this recommendation, the only remaining claim will be the claim against defendant Dinsa alleging improper forced medication asserted in ¶ 2 of plaintiff's amended complaint, subject to the Court's ruling on any objections filed by the parties to my Order granting plaintiff's motion to amend to add this claim.

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 24, 2014.

<u>s/ Kay Doaks     </u>
Case Manager
