UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

    Plaintiff,

                                    CASE NO. 2:12-CV-13590
v.                              JUDGE SEAN F. COX
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

DANIEL HEYNS, et al.,

    Defendants.
                                /

**MEMORANDUM ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION AND/OR RENEWED MOTION TO COMPEL SUBPOENA (docket #87)**

Plaintiff Robert Annabel is a state prisoner who, at the times relevant to his action, was incarcerated at the Ionia Maximum Correction Facility in Ionia, Michigan; the Woodland Correctional Center in Whitmore Lake, Michigan; the Michigan Reformatory in Ionia, Michigan; and the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff commenced this action on August 14, 2012, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985(3), and Title II of the Americans with Disabilities Act. On March 24, 2014, the Court entered an Order addressing various discovery motions filed by plaintiff. As relevant here, the Court granted in part and denied in part plaintiff's motion to compel a subpoena directed to MDOC Director Daniel Haynes, which sought: (1) the complete medical and mental health records of plaintiff; (2) all critical incident reports involving plaintiff; (3) video recordings of any forced cell moves; and (4) the audio recording or a written transcription of the February 15, 2012 panel hearing. Specifically, the Court granted the motion to compel with respect to either an audio recording or written transcript of the February 15, 2012, panel hearing, and denied the motion with respect to the balance of the subpoena.

The matter is before the Court on plaintiff's motion for reconsideration.[1] A motion for reconsideration must be filed within 14 days after entry of the judgment or order for which reconsideration is being sought. *See* E.D. Mich. LR 7.1(h)(1). Here, the Court's Order was entered on March 24, 2014. Even assuming that petitioner's motion for reconsideration was given to prison officials for mailing on April 11, 2014 (as is dated by plaintiff), the motion is untimely. Moreover, a motion for reconsideration will generally not be granted where the motion "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001) (Gadola, J.); *accord Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001) (Lawson, J.). Here, plaintiff has pointed to no such palpable defect. As explained in the Order, because the only claim remaining before the Court is plaintiff's claim against defendant Dinsa alleging improper reduction of his lithium and unnecessary forced medication, the critical incident reports and video recordings of cell moves are simply not relevant. With respect to plaintiff's medical records, as explained in the Order these records may be obtained by plaintiff pursuant to MDOC POLICY DIRECTIVE 03.04.108, ¶ S, and neither a party to the action nor the MDOC is obligated to fund

---

[1] Plaintiff's motion is styled as one for relief from judgment under FED. R. CIV. P. 60(b). However, "by its own terms, Rule 60(b) is limited to relief from a 'final judgment or order.'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (internal quotation omitted); *see also*, *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004). Because a discovery order is not a final judgment or order, Rule 60 is inapplicable, and plaintiff's motion must be construed as a motion for reconsideration. *See Keys v. Carroll*, No. 3:10-CV-1570, 2012 WL 1191620, at *1 (M.D. Pa. Apr. 10, 2012); *U.S. Fidelty & Guar. Co. v. Braspetro Oil Servs. Co.*, No. 97 Civ. 6124, 2001 WL 79899, at *1 n.2 (S.D.N.Y. Jan. 30, 2001).

plaintiff's discovery efforts by providing free copies.

Because plaintiff's motion for reconsideration is untimely, and because he has failed to show any palpable defect in the Court's Order granting in part and denying in part his motion to compel, it is ORDERED that plaintiff's Rule 60(b) motion is hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


Dated: November 17, 2014          s/Paul J. Komives
                                  PAUL J. KOMIVES
                                  UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the forgoing document was sent to parties of record on November 17, 2014, electronically and/or by U.S. mail.

                                  s/Michael Williams
                                  Case Manager for the
                                  Honorable Paul J. Komives