UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

       Plaintiff,                          Case No. 2:12-cv-13590
                                                 District Judge Sean F. Cox
v.                                                     Magistrate Judge Anthony P. Patti

DANIEL HEYNS, *et al.*,

       Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR RECONSIDERATION OF PLAINITFF'S PRIOR MOTION TO COMPEL PRODUCTION AND/OR TO COMPEL SUBPOENA [DE 103]

Plaintiff Robert Annabel is a state prisoner who, at the times relevant to his action, was incarcerated at the Ionia Maximum Correction Facility in Ionia, Michigan; the Woodland Correctional Center in Whitmore Lake, Michigan; the Michigan Reformatory in Ionia, Michigan; the Gus Harrison Correctional Facility in Adrian, Michigan; and, most recently, the Woodland Correction Facility in Whitmore Lake, Michigan. (DE 107.) Plaintiff commenced this action on August 14, 2012, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985(3), and Title II of the Americans with Disabilities Act. On March 24, 2014, the Court entered an Order addressing various discovery motions filed by Plaintiff (DE 83), including his motion to compel subpoena (DE 77). As is relevant here, the

Court granted in part and denied in part Plaintiff's motion to compel a subpoena directed to MDOC Director Daniel Haynes, which sought: (1) the complete medical and mental health records of Plaintiff; (2) all critical incident reports involving Plaintiff; (3) video recordings of any forced cell moves; and (4) the audio recording or a written transcription of the February 15, 2012 panel hearing. Specifically, the Court granted the motion to compel with respect to either an audio recording or written transcript of the February 15, 2012 panel hearing, and denied the motion with respect to the balance of the subpoena.

Thereafter, on April 17, 2014, Plaintiff filed a motion (DE 87) to reconsider the Court's ruling regarding discovery issues (DE 83). On November 17, 2014, this Court denied his motion for reconsideration. (DE 99.) A mere four days later, the instant motion was filed (DE 103), seeking to compel additional discovery and requesting, once again, reconsideration of the Court's March 24, 2014 order (DE 83).

The issues raised in the pending motion are addressed separately below.

**A. Motion for Reconsideration of Docket Entry # 83**

The matter is before the Court on Plaintiff's second motion for reconsideration of its March 24, 2014 order.[1] A motion for reconsideration must

---

[1] For the second time, with respect to the same order, Plaintiff's motion is styled as one for relief from judgment under Fed. R. Civ. P. 60(b). However, and as explained before, "by its own terms, Rule 60(b) is limited to relief from a 'final

2

be filed within 14 days after entry of the judgment or order for which reconsideration is being sought. E.D. Mich. LR 7.1(h)(1). Here, the Court's Order was entered over a year ago. The motion is untimely and is **DENIED** on that and other bases, as discussed below.

Moreover, a motion for reconsideration will generally not be granted where the motion

> merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. Jul. 24, 2001) (Gadola, J.); *accord Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. Sept. 10, 2001) (Lawson, J.). Here, Plaintiff has pointed to no such palpable defect. In fact, other than mentioning it in the title of this motion and on the cover page, he provides no explanation as to why reconsideration would now be appropriate, and does not identify what he claims to

---

judgment or order.'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (internal quotation omitted); *see also Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004). Because a discovery order is not a final judgment or order, Rule 60 is inapplicable, and Plaintiff's motion must be construed as a motion for reconsideration. *See Keys v. Carroll*, No. 3:10-CV-1570, 2012 WL 1191620, at *1 (M.D. Pa. Apr. 10, 2012); *U.S. Fidelity & Guar. Co. v. Braspetro Oil Servs. Co.*, No. 97 Civ. 6124, 2001 WL 79899, at *1 n.2 (S.D.N.Y. Jan. 30, 2001).

3

have been in error. While he makes mention of an address change and an alleged failure to receive certain documents and orders with respect to prior motions to dismiss and/or to amend pleadings, the fact that he was able to file another motion for reconsideration back in April of last year, makes it clear that he did indeed receive the particular discovery order in question. Moreover, it is Plaintiff's responsibility to notify the Court of any change in address. E.D. Mich. LR 11.2; *see also Sango v. Johnson*, No. 13-cv-12808, 2013 WL 4614257, at *1 (E.D. Mich. Aug. 29, 2013) (dismissing a complaint for the plaintiff's failure to notify the Court of an address change). Furthermore, he did not take issue with the service of the March 24, 2014 order in his original motion for reconsideration. (DE 87.)

### B. Motion to Compel Discovery

#### 1. The Discovery Deadline

Preliminarily, the Court notes – as questioned in passing in Defendant's response brief (DE 104 at 2) – that the discovery deadline in this case passed on December 12, 2013 (DE 44). This alone could have warranted a denial of this motion, since Defendant might have simply objected to all of the requests, in lieu of answering any of them. Nevertheless, in an apparent spirit of cooperation – and seemingly recognizing that the Court's grant of leave to amend to add new claims against Dr. Dinsa made it reasonable for Plaintiff to seek additional discovery – Defendant chose not to make an issue of the expired discovery deadline, and

served responses. Plaintiff claims that he could not have known that this discovery was needed "on [his] single remaining claim" until after the Court of Appeals had decided his appeal, i.e., "prior to it being identified to him on August 7, 2014." (DE 103 at 2.) However, this argument is less than completely convincing, as some or all of the issues addressed in this discovery appear to have been present long before that point, and in fact were the subject of his prior motion practice. (DE 50, 63, 77 & 83.) This is made even more obvious by the fact that he links the current motion to his previously attempted discovery efforts by including within it a motion for reconsideration of this Court's prior discovery order. Notwithstanding the fact that the discovery period has expired, the parties' mutual, implied willingness to engage in ongoing discovery warrants this Court's scrutiny of the discovery at issue.

### 2. Defendant's Timely Service of Discovery Responses

Plaintiff claims to have served Defendant Surjit Dinsa, M.D., with his Third Set of Interrogatories and Second Request for Admissions on August 14, 2014, making them due on September 15, 2014. He attaches a certificate of service with respect to those discovery requests as part of his exhibits to this motion (Pg ID 1429). He attaches a second certificate of service, indicating an additional mailing of the discovery requests on October 30, 2014 (Pg ID 1428). Defendant Dinsa claims that he only received these discovery requests after the second purported

5

mailing, i.e. sometime after October 30, 2014, and that he provided timely responses on November 21, 2014, as supported by his own certificate of service (Pg ID 1440-1441). He further supports his rendition of these facts with the affidavit of his counsel, which verifies his response to this motion (Pg ID 1438-1439). He therefore claims that the instant motion, which was filed on November 21, 2014, is moot, because the answers to both sets of discovery requests were timely served. Plaintiff does implicitly acknowledge that discovery responses were received in a timely fashion *if* October 30, 2014 is viewed as the operative service date, since his reply brief (DE 105) re-focuses his motion onto the issue of the adequacy of certain, specific discovery responses, rather than the timeliness of the combined response, without conceding that anything went awry with his August 2014 service attempt.

    Although the Court is not in the position to definitively state whether Plaintiff did in fact place his discovery requests in the mail on August 14, 2014 – recognizing that as an inmate, Plaintiff must necessarily rely on others to accomplish this task – Defendant's supporting affidavit and the timing of his response do lend credibility and suggest that he did not in fact *receive* the discovery requests with which Plaintiff *intended* to serve him until they were re-sent in October 2014. This conclusion is further bolstered by the fact that Defendant served his responses well within the time-frame for doing so after the

requests were served the second time. Given his scrupulosity in serving timely responses to the October 30th set of requests, it seems unlikely that he would have ignored or otherwise "sat on" the August 14th set, had he received them. The fact that Plaintiff thought it necessary to send the requests a second time indicates that he was at least aware of *the possibility* that the August 14th set had not been *received*. This is not to suggest in any way that Plaintiff does not truly believe that he in fact sent the requests back in August, nor does the Court suggest that their failure to be placed in the mail was due to any fault of his own.[2] In light of all this, to the extent that Plaintiff takes the position that the responses were not timely with respect to *any* of the answers, or with respect to an August 2014 service date, the motion is **DENIED AS MOOT**, the Court finding that timely answers were supplied, or alternatively, that they have been supplied since the time that this motion was filed.

### 3. The Adequacy of Specific Discovery Responses

As alluded to earlier, Plaintiff's reply brief narrows the focus of this motion to the adequacy of particular discovery responses, specifically Defendant's answers to interrogatory Nos. 15, 17 and 18. (DE 105 at 3.) The Court will,

---

[2] Plaintiff represents that he "still has the August 14, 2014, [sic] addressed to legal mail receipt to disprove" Defendant's claim that the earlier set of discovery requests were [not] received (DE 105 at 1); however, this receipt has not been provided to the Court, and so cannot be considered.

therefore, consider the issue of whether these three interrogatory answers are adequate.

Each of the interrogatories in question ask Dr. Dinsa if certain entries or information is contained or reflected in Plaintiff's MDOC medical file. (See Pg ID 1425- 1426.) In response to each of these requests, Defendant objected, stating that the interrogatory forces Dr. Dinsa "to read through Plaintiff's medical records and provide information or characterizations regarding their contents [even though] [s]uch records are equally available to Plaintiff." (DE 106-1 at 3.) Defendant, therefore, objected on the basis of the requests being unduly burdensome, *inter alia*. (DE 105 at 2.) The Court has reviewed these objections and finds them to be reasonable and sustainable. This should have already been obvious to Plaintiff, in light of this Court's prior discovery ruling, in which it specifically noted the following:

> The documents are records maintained by the MDOC. Defendant Dinsa is not an officer or employee of the MDOC, and has no legal right to exercise control over the MDOC or demand that it provide him with its records. To be sure, defendant Dinsa could seek to obtain these documents and recordings from the MDOC through a subpoena, but he has no obligation to do so under Rule 34. Rather, his duty under Rule 34 is only "to seek that information reasonably available to him from his employees, agents, or others subject to his control." *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992). Defendant Dinsa is not obligated to fund the costs of plaintiff's discovery. *See Smith v. Yarrow*, 78 Fed. Appx. 529, 544 (6th Cir. 2003). Pursuant to MDOC regulations, plaintiff may obtain a copy of his own prison medical records, *see* MDOC POLICY DIRECTIVE 03.04.108, ¶ S (Jan. 17,

8

> 2011), and plaintiff has a right to inspect and obtain copies of all his medical records under federal law, *see* 45 C.F.R. § 164.524.

(DE 83 at 3-4.)

Defendant is correct that he is not required to comb through medical records which are under the control of another person or entity in order to answer Plaintiff's questions. The records speak for themselves. Plaintiff has previously been invited to obtain or inspect them through other means, as he has every right to do. But Dr. Dinsa is not required to do this for him. To the extent that this motion seeks to compel new answers to the interrogatory Nos. 15, 17 and/or 18, or to strike Defendant's objections thereto, the motion is **DENIED** and Defendant Dinsa's objections are **SUSTAINED**.

### C. Sanction Request and the Amended Complaint

Plaintiff also seeks sanctions against Dr. Dinsa, claiming that the affidavit filed in support of his response to this motion contained an "undeniably perjured statement" where it stated that Plaintiff has yet to file an amended complaint. (DE 105 at 1.) The Court finds no basis for sanctions with respect to any aspect of Defendant's response, all of which appears to have been made in good faith and with complete accuracy. The fact of the matter is that Plaintiff *has failed* to file his amended complaint, although it is understandable why he may be confused on this point, and his raising the issue affords the Court the opportunity to explain it further.

9

On September 25, 2013, Plaintiff filed a motion for leave to amend his complaint. (DE 47.) That same day, he also filed a document titled "amended complaint," which was assigned docket entry no. 48. The Court granted Plaintiff's motion to amend, in part, on March 24, 2014. (DE 82.) In its order, the Court referred to the item identified as DE 48 as Plaintiff's "proposed complaint," which in fact it was and still is. (DE 82 at 1, 5 & 6.) It is entirely understandable that Plaintiff may have mistakenly believed that his "proposed amended complaint" would suffice as his *actual* amended complaint, a misconception which is perhaps not uncommon among non-lawyers, and perhaps exacerbated by this Court's own casual (albeit not technical) reference to it as an "amended complaint" or simply as a "complaint" later in that same opinion. (DE 82 at 8.) However, after the deadline for "free" amendments to pleadings, if any, has passed, a party may not file an amended pleading without leave of the Court. Fed. R. Civ. P. 15(a)(1). The scheduling order in this case did not provide a period for filing amended pleadings without leave. (DE 44.) Therefore, Plaintiff's filing of an "amended complaint" as DE 48, is correctly characterized as no more than a "proposed complaint," and since Plaintiff did not file a subsequent pleading *after being granted leave to do so,* Defendant is technically accurate in stating that no amended complaint has been filed.

Furthermore, since the Court only granted Plaintiff's motion for leave to file an amended complaint *in part*, DE 48 would necessarily have to be revised and filed anew in a form which takes into account and conforms itself to the Court's order partially granting leave to amend (R 82) and its report and recommendation of the same date granting summary judgment to Dr. Dinsa (DE 85), as adopted by the Court on April 30, 2014 (DE 89). Specifically, in its order partially granting leave to amend, the court stated that, "the motion is GRANTED with respect to the claim against defendant Dinsa in ¶2 of the Amended Complaint," finding that it "plausibly alleges not only that defendant Dinsa lied at the panel hearing, but also that Dinsa prescribed the treatment leading to the convening of the panel hearing" and that Plaintiff's allegation that "Dinsa also initiated that process by prescribing forced medication, and actually administered the medication" were not futile and could be added to the pleadings, as alleged in proposed paragraph 2. (DE 82 at 8.) Plaintiff, therefore, cannot stick with the version of his complaint which was proposed in docket entry no. 48.

Accordingly, Plaintiff's request for sanctions is **DENIED**. With respect to the amended complaint, Plaintiff may have until **JULY 1, 2015** to file his amended complaint *in conformity with this Court's prior rulings*, as identified above. Plaintiff is cautioned that any version of the amended complaint which does not conform to this Court's prior rulings will be stricken.

Finally, for the sake of clarity, and in light of the fact that Plaintiff has already availed himself of the opportunity to obtain additional discovery with respect to his new allegations against Dr. Dinsa, **DISCOVERY IN THIS CASE IS NOW CLOSED.** In the absence of any stipulations or court orders to permit additional discovery, all further motions to compel discovery will be denied outright.

**IT IS SO ORDERED.**


Dated: May 29, 2015       s/Anthony P. Patti
                          Anthony P. Patti
                          UNITED STATES MAGISTRATE JUDGE


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 29, 2015, electronically and/or by U.S. Mail.


                          s/Michael Williams
                          Case Manager for the
                          Honorable Anthony P. Patti
                          (313) 234-5200