UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

       Plaintiff,                          Case No. 2:12-cv-13590
                                                     District Judge Sean F. Cox
v.                                                 Magistrate Judge Anthony P. Patti

DANIEL HEYNS, *et al.*,

       Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR SCHEDULING ORDER (DE 111), GRANTING DEFENDANT'S MOTION TO SEAL (DE 115), CONSTRUING DEFENDANT'S SUMMARY JUDGMENT MOTION AS A MOTION FOR LEAVE TO FILE ONE AND GRANTING SAID LEAVE (DE 112), AND SETTING A BRIEFNG SCHEDULE**

On September 16, 2013, the Court issued a scheduling order in this matter, setting the discovery deadline for December 12, 2013 and the dispositive motion deadline for January 12, 2014. (DE 44.) On January 13, 2014, Defendant Dinsa filed a motion for summary judgment, which was granted on April 30, 2014. (DE 89.) However, on March 24, 2014, while the first summary judgment motion was under advisement, the Court granted in part Plaintiff's motion to amend his complaint alleging an additional claim against Defendant Dinsa that was not addressed in the motion for summary judgment. (DE 47.) As a result, the only

claim remaining against Defendant Dinsa is based on Plaintiff's allegation of a February 15, 2012 forced injection of psychotropic medication.

On September 15, 2015, Plaintiff filed a "motion for scheduling order," in which he asks the Court to set a trial date because the dispositive motion deadline had long passed. (DE 111.) The next day, Defendant Dinsa filed his second motion for summary judgment (DE 112) and a motion to seal one of the summary judgment exhibits (DE 115).

## I. Motion for Summary Judgment (DE 112)

Defendant Dinsa did not address the fact that his second motion for summary judgment was filed one year and eight months after the dispositive motion deadline provided in the Court's scheduling order. Nor did he obtain leave of Court to file more than one motion for summary judgment, as required in E.D. Mich. LR 7.1(b)(2). However, the Court will construe the motion for summary judgment as a motion for leave to file a second dispositive motion in contravention of Rule 7.1 and after the deadline.

Pursuant to Federal Rule of Civil Procedure 6(b), a court may, for good cause, extend the time provided in the scheduling order. Here, I find that Defendant Dinsa has good cause for filing a second motion for summary judgment

2

after the dispositive motions deadline.[1] Specifically, Defendant Dinsa filed his initial motion just one day after the January 12, 2014 deadline, and the Court accepted the motion. The Court granted Plaintiff's motion to amend his complaint while Defendant Dinsa's initial motion for summary judgment was pending. Defendant Dinsa, therefore, was unable to address Plaintiff's new claim in his initial motion. Thereafter, the Court did not issue a new scheduling order and the dispositive motion timeline had already passed.

To be sure, Defendant Dinsa could have sought leave to file an additional motion for summary judgment at any time after March 24, 2014, when Plaintiff's amended complaint was granted, and he failed to do so for more than a year. However, Plaintiff did not file a fully incorporated copy of his amended complaint until June 16, 2015, in response to the Court's May 29, 2015 Order. (DE 109.) Accordingly, I find that good cause exists to extend the dispositive motion deadline and to allow Defendant Dinsa to file a second motion for summary judgment pursuant to E.D. Mich. LR 7.1 in this instance. Defendant Dinsa's counsel is

---

[1] This good cause finding is based upon the procedural issues confronting Defendant Dinsa and should not be construed as good cause for the other remaining Defendant, Tim Kipp, to file a late motion without prior leave of the Court. Specifically, Plaintiff's amended complaint did not add any claims or allegations related to Defendant Kipp and therefore he did not have a similar situation in which his first motion was filed before the Court allowed Plaintiff to proceed with additional claims against him.

cautioned that in the future they must seek leave of Court and make a showing of good cause whenever seeking to file multiple dispositive motions or to file motions beyond their scheduled deadlines. Accordingly, Plaintiff may file a response in opposition to Defendant Dinsa's motion **ON OR BEFORE NOVEMBER 2, 2015** and Defendant Dinsa may file a reply brief **ON OR BEFORE NOVEMBER 12, 2015**.

## II.    Motion to Seal (DE 115)

In support of his motion for summary judgment, Defendant Dinsa filed excerpts of Plaintiff's medical records provided by MDOC as Exhibit 1. (DE 114.) He seeks leave to file Exhibit 1 under seal to avoid unnecessary disclosure of Plaintiff's medical information, some of which may be protected under the provisions of the Health Insurance Portability and Accountability Act, 42 U.S. C. §§ 1320d to d-8.

Federal Rule of Civil Procedure 5.2(d) and E.D. Mich. LR 5.3 authorize the Court to enter an order permitting a filing to be made under seal. The Court is persuaded that filing Exhibit 1 under seal will protect Plaintiff's privacy interests in his medical information and the motion is therefore **GRANTED**. (DE 115.) Accordingly, DE 114 will remain filed under seal and will not be incorporated into the regular record in this case.

### III. Plaintiff's Motion for Scheduling Order (DE 111)

As a result of the decision above to allow Defendant Dinsa to proceed with his pending motion for summary judgment, Plaintiff's motion for scheduling order is **DENIED WITHOUT PREJUDICE** to refiling, as necessary, after the Court addresses the pending motion for summary judgment.

**IT IS SO ORDERED.**


Dated: September 21, 2015          s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on September 21, 2015, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti